Lucy J. Shufelt *vs.* Michael J. McCartin.
Arthur M. Shufelt *vs.* Same.

Norfolk. November 10, 1919. — February 28, 1920.

Present: Rugg, C. J., Braley, De Courcy, Crosby, Pierce, Carroll, & Jenney, JJ.

*Motor Vehicle,* Registration. *Way,* Public. *Words,* "Owner."

The provisions of St. 1909, c. 534, § 2, as amended by St. 1912, c. 400, § 1, require a registration of a motor vehicle in the name of any part owner who shall operate the vehicle by himself or by his servant.

Under the provisions of the statutes above described, registration of a motor vehicle in the name of a part owner thereof who does not operate it is insufficient

to make lawful operation of such vehicle upon a public way by a co-owner in whose name it is not registered and whose name, place of residence and address are not stated in the application for registration.

TWO ACTIONS OF TORT, the first action being for personal injuries received when the plaintiff was riding in a motor car, which was owned and operated by her husband, the plaintiff in the second action, and was run into by the defendant; and the second action being for damages to the motor car and for consequential damages resulting from the injuries received by the plaintiff in the first action. Writs dated respectively June 22 and July 5, 1917.

In the Superior Court, the actions were tried together before *McLaughlin*, J. The material evidence, certain rulings of the judge which were excepted to by the plaintiffs, and a special finding by the jury are described in the opinion. There was a verdict for the defendant in each action; and the plaintiffs alleged exceptions.

Material portions of St. 1909, c. 534, § 2, as amended by St. 1912, c. 400, § 1, read as follows: "Application for the registration of motor vehicles may be made by the owner thereof, by mail or otherwise, to the Massachusetts highway commission or any agent thereof designated for that purpose, upon blanks prepared under its authority. The application shall contain, in addition to such other particulars as may be required by the commission, a statement of the name, place of residence and address of the applicant, with a brief description of the motor vehicle, including the name of the maker, the number, if any, affixed by the maker, the character of the motor power and the amount of such motor power stated in figures of horse power; and with such application shall be deposited the proper registration fee as provided in section twenty-nine. The commission or its duly authorized agent shall then register in a book or upon suitable index cards to be kept for the purpose the motor vehicle described in the application, giving to said vehicle a distinguishing number or other mark to be known as the register number for that vehicle, and shall thereupon issue to the applicant a certificate of registration. The certificate shall contain the name, place of residence and address of the applicant and the register number or mark, and shall be in such form and contain such further information as the commission may determine. . . ."

The cases were argued at the bar for the defendant in November, 1919, before *Rugg,* C. J., *Braley, De Courcy, Pierce, & Jenney,* JJ., and afterwards were submitted on briefs to all the Justices.

*F. W. Campbell,* for the plaintiffs, submitted a brief.

*F. J. Squires,* for the defendant.

PIERCE, J. These are two actions of tort by a husband and wife, for consequential and direct damages resulting from a collision on a public highway on June 16, 1917, of an automobile, owned and operated by the husband, with an automobile owned by the defendant and his sister, and operated by the defendant. There was sufficient evidence upon which the jury might properly have found that the accident resulted from the negligence of the defendant or from the negligence of the husband; the evidence also would warrant a finding that the husband and the defendant were in the exercise of due care. The car was registered in the name of the sister and was not registered in the name of the defendant. The jury as an issue of fact expressly found the defendant's sister was "the owner of an undivided interest in the car when it was registered" in her name. After "full and appropriate instructions" as to what would constitute due care and contributing negligence "to which no exception was taken," the jury found for the defendant in each case.

The plaintiffs, before the common law issues of due care and negligence were submitted to the jury, seasonably requested the judge to rule that "The automobile operated by McCartin at the time of the accident was not properly registered with the Massachusetts Highway Commission." This request was refused and the plaintiffs duly excepted. They also duly excepted to that portion of the charge wherein the jury were told "Now I instruct you that if the sister was the owner, although merely a part owner, if she was in good faith a part owner, if through the arrangement made with her brother in the purchase of it she shared in the ownership, then the fact that the car was registered solely in her name, and not in the names of both, would not affect the registration or make it illegal. That is, the car . . . would be legally registered, although it were registered in the name of one owner, if that person in whose name it was registered was in good faith a part owner." The request for the specific ruling presents the single question whether registration of a motor vehicle under St.

1909, c. 534, § 2, as amended by St. 1912, c. 400, § 1, by one part owner, is such registration under the above cited statute as permits a lawful operation of the car by the unnamed and unrecorded co-owner.

We are of opinion that the intent of the statutes require a registration of the motor vehicle in the name of any part owner who shall operate the vehicle by himself or servants; and that registration in the name of a non-operating co-owner is an insufficient registration of the vehicle and does not permit the lawful operation of that vehicle by any co-owner whose name, place of residence and address are not contained in the application for registration. This construction seems to be required by the decision of *Rolli* v. *Converse,* 227 Mass. 162, where at page 165 it is said: "The ruling purpose and intention of the Legislature in the enactment of the statute requiring the registration of motor vehicles in the name of the owner, and a new registration in case of transfer of ownership, was for identification in order that travellers upon the highways in case of accident might be able to fix responsibility therefor." The cases of *Downey* v. *Bay State Street Railway,* 225 Mass. 281, and *Hurnanen* v. *Nicksa,* 228 Mass. 346, are authorities for the position that a person is an "owner" as that word is used in St. 1909, c. 534, § 2, as amended by St. 1912, c. 400, § 1, and as such, entitled to register a motor vehicle if he has a special property in the vehicle when he makes his application to the highway commission, notwithstanding the general owner may not register himself or permit registration in his name. It is plain those decisions are consistent with a construction of the statute which requires "the owner," general or special, to have registered the motor vehicle which he is operating.

In the opinion of a majority of the court the instructions excepted to were erroneous in failing to instruct the jury that the registration to be lawful should have been in the name of the part owner operating the car when the collision took place.

*Exceptions sustained.*