MARTHA PEARSON *vs.* STANLEY BARA.

Essex. November 30, 1927. — May 25, 1928.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Practice, Civil,* Amendment, Parties, Removal from district court to Superior Court. *District Court,* Removal to Superior Court. *Constitutional Law,* Trial by jury. *Motor Vehicle,* Registration. *Way,* Public: trespasser on way. *Trespass.*

At the trial in a district court of an action of tort for damage to an automobile, it appeared that the automobile was registered in the name of the plaintiff's wife; and there was evidence that the automobile belonged to the wife and had been purchased by the husband with funds belonging to various members of the family. No steps were taken by the defendant to remove the case to the Superior Court. Four days after the trial, the plaintiff moved that his name be struck out and his wife's name be substituted as plaintiff. The motion was allowed, and the judge then found for the new plaintiff. *Held,* that

(1) The motion properly was allowed under G. L. c. 231, §§ 51, 138, to enable the plaintiff to sustain the action for the cause for which it was intended to be brought;

(2) Under St. 1925, c. 132, § 2, the judge was not required to deny the motion on the ground that the defendant had been prejudiced by the loss of a jury trial;

(3) It could not properly be contended by the defendant that the amendment rendered the proceeding thereafter a new action; the allowance of the motion implied a finding by the judge that the action, as amended, was an action begun to obtain redress for the cause intended.

In the action above described, the judge refused to rule that the plaintiff could not recover; that the automobile was an outlaw upon the highway because not properly registered; and that if the husband purchased it with money partly of himself and partly of his wife, he could not recover because registration was in his wife's name alone; and ruled that the husband could not recover regardless of amendment if the automobile was joint property but registered in the wife's name; and that the husband could not maintain the action. *Held,* that

(1) Registration in the wife's name was proper;

(2) The automobile was not an outlaw upon the highway;

(3) No error appeared.

TORT. Writ in the District Court of Lawrence dated November 10, 1925.

Material facts found and rulings given and denied in the District Court are stated in the opinion. The judge found

for the plaintiff in the sum of $115 and reported the action to the Appellate Division for the Northern District. The report was ordered dismissed and the defendant appealed.

*A. A. Hagen*, for the defendant, submitted a brief.

No argument nor brief for the plaintiff.

WAIT, J. The defendant negligently damaged an automobile. Suit in the District Court of Lawrence was brought by Ernest Pearson, who alleged that he was owner of the machine. At the trial it appeared that the automobile was registered in the name of Martha Pearson, his wife, and was purchased by Ernest with funds belonging to various members of his family. A daughter, who was driving the car at the time of the accident and who was in the exercise of due care, testified that the car belonged to her mother, Martha. Ernest moved that his name be struck out and the name of Martha Pearson be substituted as plaintiff. At the conclusion of the evidence, on January 22, 1926, the defendant requested rulings that the plaintiff could not recover, and that the motor vehicle was an outlaw on the highway because not duly registered. On January 26 the motion to amend was heard. The defendant asked for rulings that (1) the amendment, if allowed, deprived him of right to jury trial; (2) Ernest Pearson had no cause of action that he could properly ask to sustain in the name of another; (3) if he purchased the machine with money partly of himself and partly of his wife, he could not recover because registration was in the name of the wife alone; (4) the amendment, if allowed, constituted the bringing of a new suit, in which Ernest had no beneficial interest.

The court, on January 30, found for the plaintiff Martha Pearson in $115, the full amount of damage proved; denied the requests filed January 22; allowed the motion to amend; granted requests filed on January 26 and numbered one and two and denied that numbered four; and, although denying that numbered three, ruled that Ernest Pearson could not recover if the machine was joint property but registered in the name of the wife, regardless of amendment.

We find no error. The action was intended to be brought to enable the owner of the automobile to recover compensa-

tion for the damage suffered in the accident.   A mistake in the person of the owner could be remedied by amendment when, as a result of the trial, all the facts were before the court.   G. L. c. 231, § 51, authorizes any amendment which will "enable the plaintiff to sustain the action for the cause for which it was intended to be brought."   The judge well might regard the motion as the correction of a mistake in the name of the owner.   "A party to an action has no vested right to have a case decided and determined upon a form of procedure which may have been inadvisedly or mistakenly chosen."   *Pizer* v. *Hunt*, 250 Mass. 498, 504.   No steps had been taken to remove the case to the Superior Court. By St. 1925, c. 132, § 2, the judge was not required to deny the amendment on the ground that the defendant had been prejudiced by the loss of trial to a jury.   No desire for such trial had been shown at the proper time for claiming it, and no claim was made, so far as appears, when the motion to amend was presented.   No prejudice is made out.

Registration in the name of Martha Pearson, who had contributed to the purchase and had an interest as owner, was proper.   The machine was not an outlaw.   *Shufelt* v. *McCartin*, 235 Mass. 122.   *Harlow* v. *Sinman*, 241 Mass. 462, 463.   The ruling that Ernest Pearson could not maintain the action was correct.   *Shufelt* v. *McCartin, supra.*

There is nothing in the contention that the allowance of the amendment rendered the proceeding thereafter a new suit.   The allowance implies a finding by the judge that the action, as amended, was the proceeding begun to obtain redress for the cause intended — the same suit, not a new one. G. L. c. 231, § 138.   It follows that the entry must be.

*Order dismissing report affirmed.*