HARRY BALIAN *vs.* JAMES OGASSIN.

JAMES BALIAN *vs.* SAME.

Suffolk.  April 10, 1931. — December 24, 1931.

Present: RUGG, C.J., CARROLL, WAIT, SANDERSON, & FIELD, JJ.

*Negligence*, Invited person, Motor vehicle, In use of way.  *Evidence*, Presumptions and burden of proof.  *Motor Vehicle*, Registration, Operation.  *Nuisance.  Parent and Child.  Words*, "Injuries suffered by a person."

A four and one half year old child of the daughter by a former marriage of the wife of the driver of a motor truck, while playing in a street near the driver's home, was picked up by the driver and carried with him to another town, where the driver transferred him to an automobile to drive him back to the driver's home, and while on that journey the child was injured through the driver's negligence.  The child's home was in a neighboring city, but with his mother's consent he was visiting his grandmother.  There was no evidence that any one whose duty it was to care for the child had given the driver express consent so to take the child to ride, nor was there evidence expressly disproving such consent.  In an action by the child against the driver, the plaintiff made no contention that the defendant was grossly negligent.  A verdict was ordered for the defendant.  *Held*, that

(1) The defendant's undertaking to transport the plaintiff was gratuitous;

(2) The plaintiff's tender years did not constitute an exception requiring a variation of the general rule that a gratuitous guest in a motor vehicle cannot recover in an action against the operator for personal

injuries sustained by reason of ordinary negligence on the defendant's part;

(3) Proof of the circumstances in which the transportation was undertaken was a part of the case for the plaintiff, and the defendant was not bound to prove express or implied assent to the gratuitous transportation in order to obtain the benefit of such rule;

(4) The plaintiff did not offer evidence warranting a finding of a relation between him and the defendant which rendered the defendant liable for ordinary negligence.

By reason of the provisions of G. L. c. 90, § 9, in the form appearing in St. 1929, c. 180, a gratuitous guest of the driver of an automobile not legally registered, if not barred by his own lack of due care or unlawful act, may recover, in an action against the driver as one maintaining a nuisance, for injuries received while the automobile is being so driven if he did not know or have reason to know that it was not legally registered.

Where the gratuitous guest above described is a minor and his father, by reason of the injuries he sustained, has been put to medical expense, he also can recover in an action of tort against the driver of the motor vehicle not legally registered.

At the trial of an action of tort against the driver of a motor vehicle not legally registered, there was evidence that the person in whose name the vehicle was registered as sole owner was a part owner only. The judge charged the jury in substance that if the registrant was a part owner of the vehicle he had a right to have it registered in his name. The plaintiff excepted to such charge and the judge stated that he would correct it but did not do so. The evidence as to ownership was conflicting. The jury found specially that the registration was proper. *Held*, that the judge's instruction was error prejudicial to the plaintiff, and his exception thereto was sustained.

Two ACTIONS OF TORT, described in the opinion. Writ in the first action dated October 11, 1929, and in the second action in the Municipal Court of the City of Boston dated October 31, 1929.

After amendment of the writ in the second action, that action was removed to the Superior Court, where the two actions were tried together before *Gibbs*, J. Material evidence, rulings by the trial judge and a special finding by the jury are stated in the opinion. Verdicts were ordered for the defendant. The plaintiffs alleged exceptions.

*F. I. Rose & L. Jablon,* for the plaintiffs, submitted a brief.

*C. C. Petersen,* for the defendant.

FIELD, J. These are actions of tort, one brought by a minor, by his next friend, to recover damages for personal injuries sustained by him on August 27, 1929, while riding in an automobile operated by the defendant, and the other

brought by the father of the minor plaintiff to recover his medical expenses. The declaration in each case contains a count alleging negligence and another alleging that the defendant's automobile was not legally registered. (In the minor plaintiff's case a count alleging gross negligence was waived.) There was evidence that the automobile operated by the defendant was not legally registered, but the jury found, in answer to a special question, that it was legally registered. Aside from the evidence that the automobile was not legally registered there was evidence of ordinary negligence of the defendant, but no evidence of gross negligence. A verdict for the defendant in each case upon each count of the declaration was directed. The cases come before us on the plaintiffs' exceptions to the direction of verdicts, to the ruling of the trial judge that it was necessary for the plaintiffs to show gross negligence in order to recover, to his refusal to rule that the plaintiffs were entitled to recover in these actions and to make rulings requested by the plaintiffs bearing upon the issue of registration, to parts of the charge bearing on that issue, and to the denial of the plaintiffs' motion to set aside the special finding of the jury.

The plaintiffs' primary contention is that it was error to direct verdicts for the defendant. The plaintiffs contend, in substance, (a) that in each case a verdict for the plaintiffs would have been warranted on the count of the declaration alleging negligence, on the ground that the minor plaintiff was riding with the defendant, not as a guest, but in such a relation to him that the defendant was liable for injuries resulting from ordinary negligence, and (b) that in each case a verdict for the plaintiffs would have been warranted on the count of the declaration alleging that the automobile was not legally registered, on the ground that, even if the minor plaintiff was merely a guest of the defendant, the defendant was liable because the automobile operated by him was not legally registered, and that there was error in the trial of the question whether the automobile was so registered, which resulted in the special finding.

1. It was not error to direct verdicts for the defendant on the counts of the declarations alleging negligence.

The plaintiffs do not contend that the counts for negligence should be interpreted as alleging any ground of recovery other than ordinary negligence.  Since there was evidence of such negligence, the question for our determination, in respect to these counts, is whether it could have been found that the minor plaintiff was riding with the defendant under such circumstances that the defendant was liable for ordinary negligence in the operation of the automobile.

The evidence explanatory of the presence of the minor plaintiff in the automobile was in substance as follows: The plaintiff, then about four and one half years old, was the son of a daughter, by a former marriage, of the defendant's wife, and lived in Somerville.  On the day before the accident the grandmother, when visiting the boy's mother in Somerville, requested the mother to allow her to take the boy for a few days' visit to her home in Roxbury, where she lived with the defendant.  The mother consented and the grandmother took the boy with her.  About noon of the day of the accident, the defendant, driving a truck for his employer, saw this plaintiff playing on the sidewalk in Roxbury on the street where the defendant lived, "picked him up and put him in the truck," took him to Chelsea in the truck and then transferred him to an automobile.  The accident happened as they were driving back to Roxbury.  The defendant testified that "he had no talk with the boy's father and mother before doing this," that it "was the first time he saw the boy, and that presumably his wife, the boy's grandmother, had brought him the night before, and that he had been sleeping when the . . . [defendant] got home."  The defendant also testified "that he spoke to nobody about taking the boy when he saw him playing, except that he told the storekeeper to tell the defendant's wife that he had taken him."  The boy's mother testified that she had no talk at any time with the defendant about the boy before the accident, and knew nothing about the accident until two days after it happened.

It is beyond controversy that the defendant's undertaking to transport the minor plaintiff was gratuitous.  See *Baker*

v. *Hurwitch*, 265 Mass. 360, and cases cited; and *Jacobson v. Stone*, 277 Mass. 323. Generally such an undertaking imposes no liability for ordinary negligence. *Massaletti v. Fitzroy*, 228 Mass. 487. *Cook* v. *Cole*, 273 Mass. 557. The minor plaintiff's tender years do not take these cases out of the general rule. His age did not affect the degree of care required of the defendant, though it may have affected the nature thereof. See *West* v. *Poor*, 196 Mass. 183, 185; *Terlizzi* v. *Marsh*, 258 Mass. 156. We need not consider what degree of care the defendant was required to exercise toward an unwilling or nonassenting passenger. It does not appear that the child was unwilling to go to ride with the defendant, if his unwillingness is of any significance. Though there was evidence that his parents did not expressly consent to the transportation by the defendant, authorized assent thereto by the temporary custodian, the child's grandmother, was not negatived. There was no evidence warranting a finding that she had no authority as custodian to assent to the transportation. Such transportation was not so clearly against the interest of the child that as matter of law his custodian could not consent, or that it is to be inferred that she did not impliedly consent. There was no evidence that the child was not playing on the sidewalk with his grandmother's permission, nor that the permission to play did not include permission for him to ride with the defendant. It is not to be presumed that the defendant acted against the wishes of his wife. Proof of the circumstances under which the transportation was undertaken was a part of the case for the plaintiffs, and the defendant was not bound to prove express or implied assent to the gratuitous transportation in order to limit his duty to exercise care. The plaintiffs have not established the existence of a relation between the minor plaintiff and the defendant which rendered the defendant liable for ordinary negligence.

It follows, so far as these counts are concerned, not only that it was not error to direct verdicts for the defendant, but also that it was not error to rule that it was necessary for the plaintiffs to show gross negligence, or to

refuse to rule that they were entitled to recover in these actions.

2. It was error to direct verdicts for the defendant on the counts of the declarations alleging that the automobile operated by the defendant was not legally registered.

Proof that the automobile operated by the defendant was not legally registered warranted verdicts for the plaintiffs, even though the minor plaintiff was merely a guest of the defendant. The automobile, if not legally registered, was a nuisance on the highway and its operator, as the creator of a nuisance, was liable to persons using the highway lawfully and in the exercise of due care for injuries directly resulting to them from such operation. *Koonovsky* v. *Quellette,* 226 Mass. 474, 478. *Brown* v. *Alter,* 251 Mass. 223. Though the operation of an automobile not legally registered is also evidence of negligence (*Di Franco* v. *West Boston Gas Co.* 262 Mass. 387, 389–390, *MacDonald* v. *Boston Elevated Railway,* 262 Mass. 475, 476), recovery for injuries resulting from such operation as creating a nuisance is independent of negligence and, consequently, independent of degrees of negligence. So far as his action is based on nuisance, a guest lawfully using the highway stands in no worse position than a passenger for hire. His right to recover on this ground is measured not by the specific duty of the operator, created by the gratuitous undertaking to transport, but by the general duty of such operator to persons lawfully using the highway. The expressions in the cases relied on by the defendant (see, for example, *Bank* v. *Satran,* 266 Mass. 253, 254) which appear to limit recovery by guests to cases in which gross negligence is shown were made without reference to recovery on grounds independent of negligence.

It could have been found that the minor plaintiff was injured as the direct result of the operation of the automobile on the highway. So far as appears he was lawfully using the highway, and was not precluded from recovery by his participation as an occupant of the automobile in its operation without legal registration. Before the passage of St. 1915, c. 87, now embodied in G. L. c. 90, § 9, as finally

amended by St. 1929, c. 180, this was not true. *Dean* v. *Boston Elevated Railway*, 217 Mass. 495, 498. Now, however, it is provided that violation of this section of the statute which, among other things, prohibits the operation of an unregistered automobile on the highway, "shall not constitute a defence to actions of tort for injuries suffered by a person, or for the death of a person, or for injury to property, unless it is shown that the person injured in his person or property or killed was the owner or operator of the motor vehicle the operation of which was in violation of this section, or unless it is shown that the person so injured or killed, or the owner of the property so injured, knew or had reasonable cause to know that this section was being violated." The minor plaintiff is within the terms of this statute. His action is in tort. His participation as an occupant of the automobile in its illegal operation, though shown by the evidence which he presented in proof of the defendant's fault, was in the nature of a "defence" to the action to be established by the defendant. *Conroy* v. *Mather*, 217 Mass. 91. By force of the statute the defence fails because the additional elements of proof are lacking. The defendant has not "shown" that this plaintiff was the owner or operator of the automobile or knew or had reason to know that it was not legally registered.

The adult plaintiff's right of action, though in a sense independent of his child's right of action (see *McGreevey* v. *Boston Elevated Railway*, 232 Mass. 347, 350, and cases cited), arises out of the same injury to the person of the child and the same wrong of the defendant. See *Thompson* v. *United Laboratories Co.* 221 Mass. 276, 277. This plaintiff's damages are not too remote for recovery. *United States Smelting Co.* v. *Sisam*, 191 Fed. Rep. 293, 301. See *Gondek* v. *Cudahy Packing Co.* 233 Mass. 105. Nor is recovery barred by the minor plaintiff's innocent participation in the illegal operation of the automobile. The statute which does away with this defence to the action by the child applies also to the action by his father. The father's action is within the description of "actions of tort for injuries suffered by a person." In *Mulvey* v. *Boston*, 197

Mass. 178, 180, it was said of the phrase "actions of tort for injuries to the person," in a statute of limitations (St. 1902, c. 406, now G. L. c. 260, § 4, as amended), "The language of the statute is not restricted to actions for injuries to the person of the plaintiff, and we think it is broad enough to include all actions of tort founded on injuries to the person of any one in such relations to the plaintiff that the injury causes him damage. There is nothing in the context to indicate that the words are used in a narrow sense, or that the actions referred to are only those brought by the person receiving the physical impact. The word 'for' is used in its ordinary signification of 'on account of,' 'because or by means of,' or 'growing out of.'" See *Capucci* v. *Barone*, 266 Mass. 578, 581. Somewhat similar language in other statutes has been given a more restricted meaning in *Wilson* v. *Grace*, 273 Mass. 146, and several cases therein cited (page 154), because of the context or for historical reasons. We think that no such grounds justify a narrow construction of the present statute but, on the contrary, that the broader construction is more in accord with its purpose. The unlawful nature of the use of the highway by an innocent occupant of an unregistered automobile, which before the passage of St. 1915, c. 87, was a defence to an action by such occupant, was due to the statutory prohibition of the operation of such an automobile on the highway. *Dudley* v. *Northampton Street Railway*, 202 Mass. 443, 447–449. *Dean* v. *Boston Elevated Railway*, 217 Mass. 495, 498. It is to be inferred from the change in the law effected by St. 1915, c. 87, whereby the use of the highway by an innocent occupant of an unregistered automobile is not a defence to an action of tort by him, that his use of the highway is to be deemed lawful. If the minor plaintiff's use of the highway was lawful, and the adult plaintiff did not participate in the illegal operation of the automobile, there seems to be no reason in principle for permitting against the latter, in an action based on injury to his child, this defence which is not available against the child in his own action. It is not without significance that the language of the statute is "injuries

suffered by a person," rather than "injuries to the person," (see *Wilson* v. *Grace*, 273 Mass. 146, 154), or "damage to the person" (see *Keating* v. *Boston Elevated Railway*, 209 Mass. 278, 282). The inference that only injuries to the person of the plaintiff are meant is less easily made.

It is not contended that in either case recovery is barred by contributory negligence.

There was evidence that the automobile operated by the defendant was not legally registered. It was registered in the name of his daughter, Satenig Ogassin. Such registration was not legal if she was not in fact the "owner" of the automobile within the meaning of G. L. c. 90, § 2. The evidence on this question of ownership was conflicting, and the burden of disproving that she was the owner was on the plaintiffs. The evidence, however, warranted a finding that the defendant, and not his daughter, was the owner, or that each was a part owner. Either conclusion could be reached by inference from the testimony as to the way in which the automobile was acquired, paid for, maintained and used, and testimony inconsistent with such conclusion could have been disbelieved ,by the jury. Moreover, it could have been found that at the time of the accident the defendant was in possession and control of the automobile in his own right, and not as the agent or servant of his daughter. From a finding that the defendant was the owner of the automobile, or a part owner in possession and control thereof at the time of the accident, it would follow that it was not then legally registered. *Shufelt* v. *McCartin*, 235 Mass. 122. See also *Harlow* v. *Sinman*, 241 Mass. 462, 464; *Kilduff* v. *Boston Elevated Railway*, 247 Mass. 453. There is nothing opposed to this result in *Pearson* v. *Bara*, 263 Mass. 502.

The special finding that the automobile was legally registered did not justify the direction of verdicts for the defendant on these counts, since the finding was vitiated by error in the trial of this issue. There was evidence from which it could have been found that the defendant's daughter paid a part of the purchase price of the automobile, and that she became a part owner thereof. The judge charged

the jury that if she "was a part owner of the car, she had the right . . . to have it registered in her name." To this portion of the charge the plaintiffs excepted and the judge stated that he would correct it, but did not do so or attempt to do so. Compare *Walsh* v. *Gillis*, 276 Mass. 93, 97. This portion of the charge was erroneous and prejudicial to the plaintiffs. As already indicated, registration of an automobile in the name of a part owner is not legal registration of such automobile when it is in the possession and control of another part owner. *Shufelt* v. *McCartin*, 235 Mass. 122, 125. Other exceptions to the charge need not be considered.

Since the exceptions to the direction of verdicts for the defendant upon the counts alleging that the automobile operated by the defendant was not legally registered must be sustained for the reasons stated, it is not necessary to determine whether the same conclusion could be reached on any other line of reasoning. Clearly, it could not have been ruled, as matter of law, as requested by the plaintiffs, that they were entitled to recover on these counts.

The exceptions in both cases are sustained, and the cases are to stand for trial on the counts alleging that the automobile operated by the defendant was not legally registered.

*So ordered.*