Hibbard, P. J.
The plaintiff seeks to recover in this action of tort for damages for personal injuries received in an automobile collision between an automobile truck operated by him and an automobile operated by the defendant. In addition to a general denial there was a plea of contributory negligence.
*249 In the report it is stated that there was sufficient evidence to support the findings that the defendant operated his automobile negligently at the time of the accident and that if the automobile operated by the plaintiff was legally registered he was in the exercise of due care.
The essential facts are reported by the Court as follows:
“The plaintiff and his wife, Myra I. Burns, owned and conducted jointly an unincorporated business known as Burns Bottling Company of 67 Patton Street, Springfield; that the plaintiff’s wife did the bookkeeping and attended to the sales for said company and that the plaintiff operated the business and attended to all other business affairs of the company; that said company bottled ‘Vichy’ and ‘carbonated water’ for sale and distribution to clubs, restaurants and private persons; that the automobile truck in question was purchased from the Geo. E. Adams Inc. of Springfield, primarily for use in the business affairs of said company and incidentally for personal use of plaintiff and his wife since they had no other automobile; that said automobile was used in making deliveries to the said company’s customers and at the time of the accident said automobile was being used to transport a tube of gas belonging to said company and it was being used at that time exclusively for said company; that a helper employed by said company was riding on the automobile truck at the time of the accident. The plaintiff’s wife was not present and was not riding in said automobile at the time of the accident.
The automobile truck operated by the plaintiff was purchased by him in 1935 in his own name under a conditional sales contract from the Geo. E. Adams Inc. and part of the purchase price was paid by a transfer of a 1.932 Plymouth Coupe, owned by his wife and registered in her name at that time, to the conditional vendor; that the balance due on the purchase price of said automobile was paid in eighteen installments of $26. each; that some of the monthly payments were made with monies of the Burns Bottling Com- *250 pony and some of the payments were made with monies belonging to plaintiff’s wife; that the upkeep and operating expenses for said automobile truck when used in the said company’s business were paid for by the company.
A copy of the original order to purchase said automobile truck signed by the plaintiff as purchaser, and a duplicate copy of the conditional sales contract were introduced into evidence by the defendant. Said evidence showed that the plaintiff purchased said automobile truck as a conditional vendee.
A certified copy of the application to register said automobile truck for the year 1937, signed by the plaintiff’s wife, was introduced into evidence. In this application the wife stated she owned said automobile as an individual and that she acquired title to it from the Geo. E. Adams Inc. in 1935, the date plaintiff purchased it.
The registration certificate for the year 1937 of the automobile truck operated by the plaintiff showed that said automobile truck was registered solely in the name of plaintiff’s wife at the time of the accident, from 218 Pearl Street, Springfield.”
The defendant seasonably filed three requests for rulings which" were as follows:
“3. There is no evidence in the record to support a finding that the plaintiff was in the exercise of due care, and therefore he cannot recover.
“13. Upon all the evidence the automobile operated by the plaintiff was illegally registered.
“14. Upon all the evidence the automobile operated by the plaintiff was owned jointly by the plaintiff and his wife and the registration in the name of the wife was illegal and the plaintiff cannot recover. ’ ’
The Court after denying the 3rd and 13th requests, “the Court having found to the contrary” and the 14th “The Court having found that the registration was legal” made a special finding of fact as follows:
*251 “The Court specially finds that the motor vehicle operated by the plaintiff was owned in good faith, partly by the wife of the plaintiff, who had contributed to its purchase, and partly by the plaintiff as joint tenants; that this motor vehicle was registered solely in her name; that the registration in the wife’s name was proper and legal; that the motor vehicle was being operated at the time of the accident by the plaintiff as the agent of his wife on the joint business of both; and that this motor vehicle was not an outlaw upon the highway.
“The Court finds that, further, the motor vehicles operated by the plaintiff and the defendant approached and entered the intersection at approximately the same time; that the motor vehicle operated by the plaintiff was to the right of that operated by the defendant; that there was at the intersection facing the defendant a sign bearing the word ‘stop’; that the defendant approached, entered, and attempted to cross the intersection at a rate of speed in excess of 20 miles an hour and did not slacken the speed of his automobile; that the plaintiff slowed down the speed of his motor vehicle as he approached the intersection which he entered at about 5 miles per hour; that in attempting to cross the intersection at an excessive rate of speed, failing to slacken the speed of his automobile, and in not granting the right of way to the plaintiff, the defendant was negligent and his negligence contributed to cause the accident; and the plaintiff was in the exercise of due care. ’ ’
There was a finding for the plaintiff, damages being assessed in the amount of five hundred dollars.
The single issue presented by this report is whether the District Court .erred in denying the defendant’s requests for rulings numbered 3, 13 and 14.
Whether the automobile truck operated by the plaintiff was registered in compliance with the law was a question of law properly raised by the defendant’s plea of contributory negligence, McDonald vs. Boston Elevated Railway, 262 Mass. 475, such violation of the statute requiring proper registration being evidence of negligence and pre *252 venting the recovery if it had causal connection with the plaintiff’s damage.
It has been held to operate an unregistered automobile upon a highway is unlawful. It is also well settled that violation of a criminal statute is evidence of negligence. Our Supreme Court has also said, “Undoubtedly it was the intention of the legislature by the enactment of Gr. L. Ch. 90, sections 9 and 10 and all other sections of that statute to render the operation of an unregistered or illegally registered motor vehicle upon a highway a wrongful act independently of negligence. Such wrongful act in and of itself is a violation of the statute and is evidence of negligence as a matter of law.”
The report establishes the fact that the plaintiff and his wife were jointly owners of an unincorporated business and that the motor truck was at the time of the accident being operated by the plaintiff alone exclusively on the business of the joint venture.
As to the agency of the husband for the wife as found by the Court a wife cannot constitute her husband her agent by an invalid contract of partnership with him. Edgerly vs. Equitable Life Assurance Society, 287 Mass. 238, 242.
Whether it be a joint adventure or a partnership the same rule holds. Edgerly vs. Equitable, supra.
The Court found that the plaintiff was a part owner of the truck he was operating and that the truck was. registered solely in the name of his wife. That under these circumstances the automobile was illegally registered, see Shufelt vs. McCartin, 235 Mass. page 123.
See also Balian vs. Ogassin, 277 Mass. 525 and Capano vs. Melchionna, 1937 A. S. page 493.
The plaintiff’s brief cites Pearson vs. Bara, 263 Mass. 502 and Nash vs. Lang, 268 Mass. 407. A critical study *253 of these cases clearly indicates that the facts are not the same as those in the ease at bar and the decisions therein do no overrule or in any way negative that in McDonald vs. Boston Elevated, supra. Moreover the case of Edgerly vs. Equitable, supra, was decided at a later date and therefore must be interpreted as controlling. There was prejudicial error in the refusal of the three requests. The finding for the plaintiff is set aside and a finding for the defendant is to be entered.