*Southern District*
No. 19572/66

**JOHN M. DONOVAN**

v.

**IRVING J. RISI**

*Present:* Nash, C. J. Cox, J.

Case tried to *H. L. Murphy, J.*, in the District Court of Plymouth.   No. 19572/66.

Cox, J.   The only issue presented by this report is whether it was permissible for the justice to allow a motion to amend the plaintiff's writ and declaration by adding the plaintiff's wife, Evelyn Donovan, as a party plaintiff and permitting a count for personal injuries to Mrs. Donovan, a count for personal injuries to the plaintiff John Donovan and a count for consequential damages.  The action was originally brought by John Donovan to recover for damage to his automobile caused by the alleged negligence of the defendant.  At the time the amendment was allowed a separate action by Mr. or Mrs. Donovan would have been barred by the statute of limitations, G.L. c. 260, § 4, as appearing in St. 1960, c. 271.

According to the plaintiff's declaration his automobile was damaged on or about April 6, 1964 while on the Southeast Expressway in Boston because of the defendant's negligence. The writ by which the action was commenced is dated March 14, 1966, shortly before the two year statute of limitations had run.  On May 12, 1966, more than two years after the ac-

cident, a second attorney filed an appearance for the plaintiff and presented the motion to amend which has already been described. The motion was argued on May 31, 1966 and thereafter allowed.

The foregoing is all the material evidence and the report so states.

We are not without guidance in this matter. In the recent case of *Wadsworth* v. *Boston Gas Co.,* 352 Mass. 86, the plaintiff was permitted to add a defendant in an action of tort for negligence at a time when a new action against the added defendant would have been barred by the statute of limitations. The opinion in that case elucidates a number of pertinent points.

1. "It has often been said that the running of the statute of limitations is not a reason for denying an amendment, and may furnish a reason for allowing it. *Johnson* v. *Carroll,* 272 Mass. 134, 138. *Peterson* v. *Cadogan,* 313 Mass. 133, 134, and cases cited."

2. The law in this Commonwealth with respect to amendments is liberal.

3. There is no difference in principle between permitting a plaintiff to substitute one defendant for another (citations) and permitting a plaintiff to add a defendant after the statute of limitations has barred a new action.

4. After the amendment is allowed and the defendant brought into court by due process the addition relates back to the date of the writ and

makes the added defendant a party from that date.

5. That inquiry on review is limited, as matter of law, to whether the amendment resulted in the introduction of a new cause of action against the added defendant. G.L. c. 231, § 138.

6. Finally, that it could be found that the cause of action for which the action was brought was intended to be brought against the party liable for the plaintiff's injury, and, like the case at bar, the facts upon which the judge relied in allowing the amendment not appearing in the record, the allowance of the amendment is final. The opinion cites *Ames* v. *Beal*, 284 Mass. 56, 61-62. *Bucholz* v. *Green Bros. Co.*, 290 Mass. 350, 354. See also G.L. c. 231, § 138.

The principles referred to were applied in a case in which a new defendant was added by amendment. They would appear applicable equally in principle to a motion to add a plaintiff to a pending action. It is of importance that by G.L. c. 231, § 4A, two or more persons may be joined in one action as plaintiffs if they assert a right arising out of the same occurrence. In the case before us Mrs. Donovan was therefore a proper party plaintiff claiming a right to recover damages for personal injuries arising out of the same automobile accident in which her husband alleges he was injured and his automobile damaged.

In the case of *Mass. Society of Grad Physical*

*Therapists* v. *Board of Registration in Medicine,* 330 Mass. 601, 606 - 607, new parties were admitted as petitioners by amendment.

In *King* v. *Solomon,* 323 Mass. 326, 330 - 331, an action against a physician for malpractice, the plaintiff's husband, claiming consequential damages, was admitted as a party plaintiff long after a new action by him would have been barred by the statute of limitations. The court in that case, at page 331, notes the analogy between bringing in a new plaintiff by amendment and bringing in a new defendant after a new action against the new defendant would be barred, which the court describes as "familiar practice in this Commonwealth under G.L. c. 231, § 51."

In *Pearson* v. *Bara,* 263 Mass. 502, the plaintiff's wife was substituted as plaintiff in an action for damage to an automobile, the evidence at the trial disclosing that she and not her husband was the owner of the vechicle. The court approved of the amendment as authorized by G.L. c. 231, § 51, so as to "enable the plaintiff to sustain the action for the cause for which it was intended to be brought." It quoted with approval from *Pizer* v. *Hunt,* 250 Mass. 498 504, that "A party to an action has no vested right to have a case decided and determined upon a form of procedure which may have been inadvisedly or mistakenly chosen." Finally, the opinion held, "The allowance (of the motion) implies a finding by the judge that the

action, as amended, was the proceeding begun to obtain redress for the cause intended — the same suit, not a new one. G.L. c. 231, § 138.''

There being nothing in the report to indicate the contrary, we hold that the admission of Mrs. Donovan as a plaintiff and the allowance of the additional counts implied a finding by the judge ''that the action, as amended, was the proceeding begun to obtain redress for the cause intended.'' *Pearson* v. *Bara,* 263 Mass. 502, 504. G.L. c. 231, §§ 51, 138. The action of the judge allowing the motion is conclusive. *Wadsworth* v. *Boston Gas Co.,* 352 Mass. 86. See also *Saldi* v. *Brighton Stock Yards Co.,*344 Mass 89, 95 (A new count added in the course of the trial). *Duguenoy* v. *Dorgan,* 341 Mass. 28, 30 (Declaration amended after trial and allowance of amendment held to be conclusive under G.L. c. 231, § 138). *Melanson* v. *Smith,* 282 Mass. 85, in which the plaintiff, after the opening statement to the jury, was allowed to add a count for personal injuries, the same having been omitted by inadvertence, and a new action being barred by the statute of limitations. The allowance of the motion ''was an adjudication that the cause of action set forth in count 3 (personal injuries) was one originally intended to be brought.'' *Shapiro* v. *McMarthy,* 279 Mass. 425, 428-429 (New defendant substituted after a new action was barred by the statute of limitations. The mere allowance of the motion to amend was

held to be conclusive under G.L. c. 231, § 138). *Cantin* v. *Moriarty,* 18 Mass. App. Dec., 131, in which the facts are similiar to those in the case before us. An amendment was allowed adding the wife as a new plaintiff and permitting her to file a count for personal injuries and her husband to file a count for consequential damages after the statute of limitations had barred a new action arising out of an automobile accident. Thereafter, the defendant's motion to dismiss the action as to the wife was denied. That case contains a full discussion of the subject and supports our conclusion.

As no prejudicial error appears **the report should be dismissed.**

BASIL W. FLYNN
   of Quincy for the Plaintiff
KENNETH M. MOFFAT
   of Boston for the Defendant