*Southern District*
No. 60
**ARTHUR FISHBEIN**
v.
**SUMNER HIRSCHBERG**

Argued: Apr. 24, 1973 - Decided: June 10, 1974

*Present:* Murphy, P.J., Lee, Prince, JJ.
Case tried to *Colten, J.* in the Municipal Court of Brookline, No. 1291.

*(This opinion has been abridged and the pleadings condensed by the Reporter.)*

**Prince, J.** The statement of the case set forth in the report was as follows: "This is an action of contract in which the plaintiff seeks to recover from the defendant for professional services allegedly rendered under an oral

agreement made in 1965 between the plaintiff and the defendant. The plaintiff's declaration and the defendant's answer, containing a general denial and a declaration in set-off (alleging negligence on the part of the plaintiff) were filed in December, 1968.

No further action on the case was taken until April, 1972, when the plaintiff, Fishbein, filed a motion to remove default and to a late filing of a demurrer and answer to declaration in set-off, which motion was allowed. The plaintiff's demurrer was sustained and the defendant, Hirshberg, subsequently filed on or about June 2, 1971, a substitute answer, answer in recoupment, and declaration in set-off. The plaintiff, Fishbein, again demurred to the defendant's answer in recoupment and declaration in set-off, and the demurrer was sustained. The defendant, Hirshberg, filed an amended answer, answer in recoupment and declaration in set-off. The plaintiff, Fishbein, again demurred to defendant's amended answer, answer in recoupment and declaration in set-off. On November 14, 1972, the court sustained the demurrer.

All pleadings heretofore filed in this action are incorporated by reference. (Note: The pleadings were not annexed nor submitted with the report).

This report contains all of the evidence material to the question reported.

The defendant, Hirshberg, claiming to be aggrieved by the action of the court in sustaining the plaintiff's demurrer, [the case is hereby reported] to the Appellate Division of the District Courts for determination.''

At the time the case came on for argument before this Division, the only documents before us were the docket entries, the [judge's] report quoted above in full, the plaintiff's brief and the defendant's brief. All pleadings purportedly incorporated by reference were not before us. Counsel for the appellant was directed to furnish all material pleadings. Photostatic copies of the pleadings from the defendant's file were furnished containing no filing dates, no information nor endorsements by the court. They were not photostatic copies of the original pleadings filed in the case. We have attempted to reconstruct the pleadings from the copies furnished together with the docket entries supplied by the Municipal Court of Brookline.

Despite the confusion and passage of time between the filing of certain pleadings in this matter, any prior claims for report and draft reports which followed were withdrawn except for the request for report filed November 20, 1972, resulting in the report argued before this Division which was filed on January 4, 1973. The appellant claims to be aggrieved by the action of the District Court in sustaining the plaintiff's demurrer on November 14, 1972,

which demurs to the defendant's amended answer, answer in recoupment, and declaration in set-off. Because the defendant Hirschberg's amended answer, answer in recoupment, and declaration in set-off are not set forth in the report but only incorporated by reference.

The defendant Hirschberg's answer consisted of a general denial and allegations that the plaintiff's dental treatments of the defendant's patients was performed so negligently and unskillfully as to require the defendant to complete, rectify or renew the same. Also, special claims of recoupment because of the cost to the defendant Hirschberg for such completion, rectifying and renewal of the treatments done by the plaintiff Fishbein and for the breach of an implied warranty that his (Fishbein's) dental work and treatments would meet professional standards.

The declaration in set-off of the defendant Hirschberg (plaintiff—in set-off) purports to be for money owed for work and materials furnished by him to the plaintiff Fishbein (defendant—in set-off) as set forth in an Account Annexed which set forth dates, names and amounts, totaling $1,361.00 and interest.

The plaintiff Fishbein (defendant—in set-off) filed a single demurrer, which is the basis of this appeal. The demurrer attacked the answer on the grounds that (1) it contained matters that did not constitute a legal defense and (2) contained matter that sounded

in tort which was barred by the statute of limitations, G.L. c. 260, § 4. It attacked the answer in recoupment on the grounds that it did not clearly and concisely state a cause of action and was brought beyond the period allowed by the statute of limitation, G.L. c. 260, § 4. It attacked the declaration in set-off on the grounds that it contained matters which are not recoverable in set-off, G.L. c. 232, § 1; the damages claimed are not liquidated or easily ascertained; and it does not clearly and concisely state a cause of action.

This demurrer was sustained on November 14, 1972.

The question before this Division is whether the demurrer was properly sustained.

The demurrer is in three parts and separately demurs to the answer, answer in recoupment, and declaration in set-off, as amended, setting forth as to each part separate grounds for demurrer.

As the docket entries and the report of the trial justice indicate, on November 14, 1972, the plaintiff's demurrer was sustained without specification or restriction as to its application to the entire pleading or to only a portion such as the answer, the answer in recoupment, or the declaration in set-off.

Since the divisions of the defendant's pleading were separately set forth and separately demurred to, the District Court justice should have separately sustained or overruled

each of the three parts of the plaintiff's demurrer.

It is a well established rule that where a general demurrer is filed to a declaration, complaint or petition as a whole, if any count or part of the pleading is good and states a cause of action, the demurrer will be overruled. A like rule governs where a demurrer is filed to an answer which sets up two or more grounds of defense. Under the modern system of pleading, which allows the defendant to join different grounds of defense in his answer, a general demurrer to the whole answer will be overruled if the answer contains any good defense to the cause of action stated by the plaintiff. If the defect is one which can properly be reached by demurrer, the demurrer should be addressed only to the particular defect; otherwise it cannot be sustained. 61 Am. Jur. 2d, "Pleading", § 263.

However, where a pleading consists of several paragraphs and a single demurrer is filed thereto and is directed to each of the paragraphs, the demurrer is to be taken distributively and is equivalent to a separate demurrer to each paragraph, and may therefore be overruled as to part and sustained as to part. *Parker* v. *Thomas,* 19 Ind. 213; 61 Am. Jur. 2d, "Pleading", § 282.

Considering the plaintiff's demurrer as to each part, it must be determined whether that portion which was directed to the defen-

dant's answer should have been sustained. We find that the demurrer should have been overruled insofar as it applied to the defendant's answer. Grounds 1 and 2 of the demurrer to the answer should have been overruled. The first paragraph of the answer was a general denial which made it incumbent upon the plaintiff to prove every element of his case set forth in the declaration. *Herman* v. *Fine,* 314 Mass. 67.

The plaintiff's declaration seeks to recover in contract for professional services rendered under an oral agreement, and for money had and received in a second count. The second paragraph of the defendant's answer setting up the defense of work performed in a negligent, unskillful, and unworkmanlike manner is likewise not demurrable. If the pleading demurred to with every inference reasonably deducible therefrom constitutes a cause of action or defense, then the demurrer should be overruled. *Cheraska* v. *Ohanasian,* 259 Mass. 341.

The grounds of the demurrer setting up the statute of limitations, G.L. c. 260, § 4, should have been overruled so far as it applied to either the answer or the answer in recoupment.

The statute of limitations whether for 6, 2 or 3 years under the provisions of G.L. c. 260, §§ 2, 2A or 4 respectively is not a proper grounds for demurrer to the answer or answer

in recoupment as amended, and allowed by the court on October 18, 1972, by assent, according to the docket entries. Whether or not the motion to amend the answer was filed and allowed after the statutory period had passed or not for commencing a new action is not significant. *Wadsworth* v. *Boston Gas Co.,* 352 Mass. 86.

In many instances, our courts have permitted pleadings to be amended to add new parties after the statute has run. G.L. c. 231, § 138, states in part, "The cause of action shall be considered to be the same for which the action was brought, if the court finds it to be the cause of action relied on by the plaintiff when the action was commenced, however, the same may be misdescribed; and the allowance by the court of an amendment shall be conclusive evidence of the identity of the cause of action."

As the report states, "The plaintiff's answer, containing a general denial and declaration in set-off (alleging negligence on the part of the plaintiff) was filed in December 1968." Subsequently, the defendant filed amended or substituted pleadings at least two more times which were filed with the assent of the plaintiff or allowed by the court. The statute of limitations can be no bar to paragraphs in the answer or answer in recoupment filed in this case where leave to amend the pleadings was granted. *Cogswell* v. *Hall,* 185 Mass. 455. *McLaughlin* v. *West End St. Ry. Co.,* 186 Mass. 150.

The law in this Commonwealth with respect to amendments is liberal. The amendment when allowed relates back to the date of the writ. *Donovan* v. *Risi*, 38 Mass. App. Dec. 109.

The amendment of the defendant's answer and answer in recoupment is proper wherein the defendant is asserting his rights arising out of the same incident or claim alleged by the plaintiff as the basis of his claim. G.L. c. 231, § 51, permits amendments at any time before final judgment in the discretion of the court "to sustain the action for the cause for which it was intended to be brought or enable the defendant to make a legal defence." *Saldi* v. *Brighton Stock Yards*, 344 Mass. 89, 95. *Duquenoy* v. *Dorgan*, 341 Mass. 28, 30.

The contention in ground 1 of the demurrer to the answer in recoupment, as amended, that it does not clearly and concisely set forth a cause of action is not valid. The defendant seeks to recoup on a claim for negligence and for breach of an implied warranty.

The right to recoupment is an equitable right which is in no way related to the statutes governing declarations in set-off. *Byrne* v. *Dorey*, 221 Mass. 399. Recoupment is a right of the defendant to have a deduction from the amount of the plaintiff's damages, for the reason that the plaintiff has not complied with

the cross-obligations or independent covenants arising under the same contract. *Black's Law Dictionary,* 3rd Edition.

Recoupment differs from set-off in that the subject of recoupment must grow out of the very same contract or transaction as is sued upon. Recoupment is a right to set-off unliquidated damages, contrary to the statutory right of set-off of liquidated damages or those capable of being ascertained by calculation only. Recoupment is of necessity limited to the amount of the plaintiff's claim, and the burden of proof is on the defendant to prove the right to recoup. *Noble* v. *Yagnant,* 162 Mass. 275. *Jordan* v. *Lavin,* 319 Mass. 362. *Minot* v. *Minot,* 319 Mass. 253.

The defendant by amendment asserted his right to introduce evidence by way of recoupment alleging negligence and unskillful, unworkmanlike performance by the plaintiff. The claim for recoupment was specially pleaded and the burden of proof is on the defendant. The demurrer should have been overruled. *Sayles* v. *Quinn,* 196 Mass. 492. Whether or not the paragraph alleging breach of an implied warranty, if standing alone, would be demurrable is not decided in view of our ruling as to paragraph 1 of the answer in recoupment.

As to the defendant's declaration in set-off, the sustaining of the demurrer was correct. *Webber* v. *Johnson,* 342 Mass. 455 is

applicable to all three grounds of demurrer to the declaration in set-off in this case.

The declaration in set-off purports to be for money owed for work and materials furnished by the defendant (plaintiff—in set-off) to the plaintiff (defendant—in set-off) according to an account annexed marked ''A'' listing nine main items, several sub-items, and a claim for interest on the total sum.

An examination of the declaration in set-off reveals an attempt by the defendant to combine mixed claims of contract and tort under one count. It is clearly subject to demurrer for each of the three grounds set forth.

None of the items listed in the account annexed are for a liquidated or ascertainable amount. *Ryder* v. *Warren*, 295 Mass. 24, 29-31. The mere fact that a specific amount is claimed does not, in and of itself, mean that the declaration in set-off is a proper pleading. On the face of the pleading, an attempt is made to recover damages for breach of contract. The sums involved cannot be said to be liquidated. *Taylor-Stites Glass Co.* v. *Manufacturer's Bottle Co.*, 201 Mass. 123, 125. The claims are comprised of demands requiring liquidation before the offset is actually made. The demands are not rendered certain and capable of calculation by the allegations in regard to the amounts which the defendant (plaintiff in set-off) paid for work done or materials furnished by another doctor. Other

208

items claim damages based on allegations of tortious acts by the plaintiff based on negligence. Such claims were not liquidated and are improper subjects for set-off.

The declaration in set-off does not clearly and concisely set forth a cause of action. The defendant in set-off must be able to plead to the declaration intelligently and directly. In this case, a clear, direct and unequivocal allegation of crucial facts is lacking. *Sher* v. *Perlman,* 324 Mass. 390, 391.

This declaration does not set forth the nature of the contract with certainty and precision. *Flower* v. *Suburban Land Co., Inc.,* 332 Mass. 30, 32. No mention is made of the reasonableness of any of the sums charged by the plaintiff in set-off for his own services rendered or paid to others for work done. That portion of the demurrer directed to the declaration in set-off was properly sustained.

The portions of the demurrer directed to the answer and answer in recoupment, as amended, should have been overruled.

Judgment is to be entered for the plaintiff (defendant in set-off) on the declaration in set-off. As to the defendant's answer, and answer in recoupment, as amended, the plaintiff's demurrer is overruled. The issues are joined between the plaintiff and the defendant.

**It is ordered:** The case is to be restored to the trial list in the District Court for trial on the merits.