BEVERLY ANN WENDEL, a minor, by RALPH M. WENDEL and DOROTHY BETH WENDEL, her Parents and Natural Guardians, Appellant, v. RALPH E. SHAW, Respondent, No. 41873—235 S. W. (2d) 266.

Division One, December 11, 1950.

Motion for Rehearing or to Transfer to Banc Overruled, January 8, 1951.

*C. W. Prince* and *Wm. Dennis Bush* for appellant.

418

*F. L. Thompson* and *Sam Mandell* for respondent; *Popham, Thompson, Popham, Mandell & Trusty* of counsel.

[267] VAN OSDOL, C.—Appeal from a judgment and order dismissing plaintiff's petition praying for $5,000 actual and $5,000 punitive damages for personal injuries alleged to have been sustained as the direct result of the gross and wanton negligence of the original defendants, then husband and wife, in the operation of their automobile in which plaintiff, an infant, four years of age, was riding. [After the trial court had sustained defendant Ralph E. Shaw's separate motion to dismiss and during the pendency of plaintiff's motion for a new trial, plaintiff voluntarily dismissed as to the former wife, and defendant Ralph E. Shaw (respondent herein) is now sole defendant.]

The ultimate question presented is the sufficiency of plaintiff's petition in stating a claim upon which relief can be granted. The question involves the "guest statute" of Kansas.

The statute is in part as follows,

" - - - no person who is transported by the owner or operator of a motor vehicle, as his guest, without payment for such transportation, shall have a cause of action for damages against such owner or operator for injury - - - unless such injury - - - shall have resulted from the gross and wanton negligence of the operator of such motor vehicle." General Statutes of Kansas, 1935, 8-122b.

Plaintiff alleged,

"(3) That said defendants on said date (October 16, 1947) undertook for hire to take temporary custody, and safely keep and care for said Beverly Ann Wendel, during the temporary absence

of the parents of said Beverly Ann Wendel; that having the care and custody of said minor for a valuable consideration, as aforesaid, the said defendants, without the consent or permission of the parents of said child, took said minor child into their automobile at 4208 Holly, Kansas City, Missouri, and transported said minor to a pony ring in Mission, Kansas, for her entertainment, and shortly prior to 8:00 p. m. of said date defendants placed said minor child unattended by any adult in the back seat of their said automobile and proceeded East on 47th Street in Johnson County, Kansas, on the way back to 4208 Holly. That defendants were guilty of gross and wanton negligence in putting said child in said back seat without securely fastening the back doors thereof; that said defendants in a wanton and careless manner drove said car at said time East on said highway at a reckless and dangerous rate of speed, well knowing that the right rear door of said car was not securely fastened, or in wanton and reckless disregard of whether or not said door was securely fastened, and that as a result of said wanton negligence the said right rear door was thrown open by the reckless movement of said car and said minor child, being in [268] said back seat with the full knowledge of defendants, was forcibly precipitated from said car out of said open door and thrown with great force and violence upon the surface of said highway, causing the infliction of serious and permanent injuries upon said minor child.

"(4) That defendants were guilty of gross and wanton negligence in permitting said child to ride in said back seat of said car unattended by any adult person, while said car was being driven, as aforesaid, on said highway, without the right rear door thereof being securely fastened, as aforesaid.

"(5) That as a direct result thereof plaintiff was hurled with great force and violence to the surface of said highway (and severely injured) - ⌐ -; that plantiff suffered damages as a direct result of said gross negligence of defendants, in the sum of $5,000.

"(6) That because said negligence of said defendants was gross and wanton, plaintiff is entitled to recover punitive damages in the sum of $5,000."

It is argued by plaintiff (appellant) that her petition declares on the contract; that defendant wrongfully removed plaintiff into Kansas in violation of a Missouri contract for the temporary care and custody of plaintiff in Missouri; that the wrongful removal did not operate to release defendant from liability under his contract for injury to plaintiff; that defendant can claim no benefit or advantage from his wrongful removal of plaintiff from Missouri into Kansas; and that, under the Missouri contract for the care and custody of plaintiff, the Kansas guest statute could have no application as it was not contemplated by the parties to the contract, and most

certainly not by the infant for whose benefit this action was instituted.

It will be observed plaintiff declared not on the contract but in tort, having alleged the contract with defendant for her temporary custody as inducement. Plaintiff alleged facts assertedly constituting gross and wanton negligence and asked for actual and punitive damages for injuries directly resulting from defendant's alleged gross and wanton negligence.

Upon the hearing of the motion to dismiss, it was admitted plaintiff was injured in Kansas; and the defendant contended (and in this court contends) plaintiff failed to state a claim because plaintiff under the allegations of her petition was a "guest" within the meaning of that term as used in the Kansas statute, and had not pleaded facts constituting gross and wanton negligence. It is tacitly admitted by plaintiff-appellant herein that her petition states facts amounting to no more than ordinary negligence—the want of due care. As to the alleged circumstances of plaintiff's injury, compare May v. Szwed, 68 Ohio App. 459, 39 N. E. 2d 630.

The Supreme Court of Kansas has held the phrase "gross and wanton negligence" means "wantonness" or "wanton and willful conduct." Stout v. Gallemore, 138 Kan. 385, 26 P. 2d 573; Frazier v. Cities Service Oil Co., 159 Kan. 655, 157 P. 2d 822, and cases therein cited; Srajer v. Schwartzman, 164 Kan. 241, 188 P. 2d 971; Bailey v. Resner, 168 Kan. 439, 214 P. 2d 323. It may be concluded that "wanton conduct" or "wantonness" comes between negligence on the one hand and willful or malicious misconduct on the other; that it is more than negligence and less than willfulness, and to constitute wantonness the acts complained of must show not simply lack of due care, but that the actor must be deemed to have realized the imminence of injury to others from his acts and to have refrained from taking steps to prevent the injury because indifferent to whether it occurred or not. Frazier v. Cities Service Oil Co., supra; Bailey v. Resner, supra; Wright's Estate v. Pizel, 168 Kan. 493, 214 P. 2d 328.

Therefore, the decisive question is—was plaintiff, when she was being transported by defendant in his automobile in Kansas, a "guest" within the meaning of the term as used in the guest statute of Kansas? If so, plaintiff may not recover under her petition alleging facts constituting mere negligence, the lack of due care.

It was not alleged that defendant removed plaintiff into Kansas in violation of the contract of hiring, nor was it alleged that defendant had no authority to transport [269] plaintiff in his automobile, although we have noticed it was alleged that defendant's transportation of plaintiff by automobile into Kansas was "without the consent or permission" of plaintiff's parents. It was not alleged that the arrangement for defendant's temporary care and custody

of plaintiff restricted defendant in his custody of plaintiff to the confines of Missouri, nor was it alleged that it was stipulated or that plaintiff's parents had directed defendant was not to take plaintiff for an automobile drive. The unrestricted contract implied a reasonable latitude in defendant in his care of plaintiff. Morgan v. Anderson, 149 Kan. 814, 89 P. 2d 866; Balian v. Ogassin, 277 Mass. 525, 179 N. E. 232.

The Supreme Court of Kansas has held an infant of tender years can be a "guest" even though unaccompanied by a parent or guardian (Wright's Estate v. Pizel, supra), and even though no express consent of the parent or guardian has been shown. Morgan v. Anderson, supra.

In the Morgan case a plaintiff, seven years of age, alleged he had been visiting defendant and defendant's sisters at Lindsborg, Kansas. Defendant and his sisters started on an automobile trip to South Dakota taking plaintiff with them "without the knowledge or consent of his mother and natural guardian." In traveling through Wyoming, defendant, who was alleged to have been so crippled that he could not operate an automobile in the normal manner, was driving at a high rate of speed on a curve and lost control of the automobile. In the ensuing accident plaintiff was injured. The trial court sustained a demurrer to the petition. Upon appeal plaintiff-appellant conceded the petition did not allege facts constituting "gross negligence" or "willful or wanton misconduct" of defendant within the meaning of those terms as used in the Wyoming guest statute, but plaintiff-appellant contended that he was not old enough to "accept" the transportation, and that in order to acquire the status of a "guest" acceptance by plaintiff was essential. (See Fuller v. Thrun, 109 Ind. App. 407, 31 N. E. 2d 670.) Since there was no allegation to the contrary, it was assumed by the Supreme Court of Kansas that plaintiff, a child of tender years, was in the custody of defendant and defendant's sisters with the consent of plaintiff's mother; and, although the petition alleged the trip was without the knowledge or consent of the mother, there was no allegation of limited custody, nor of directions or admonitions against taking plaintiff on automobile trips. Defendant in the circumstances had a reasonable latitude in the care of plaintiff, and did not go beyond his authority as custodian. So it was concluded the transportation of plaintiff was with the implied consent of the mother.

In the case of Fuller v. Thrun, supra, a plaintiff, six years of age, was left by her parents in the care and custody of defendant. Defendant testified that plaintiff was left with him by her parents "who told him to put her to bed"; but defendant, ignoring the parents' instructions, undertook to take plaintiff by automobile to

the home of a friend. Defendant's automobile collided with another motor vehicle, and plaintiff was injured. The Appellate Court of Indiana held plaintiff was conclusively presumed *non sui juris* and therefore incapable in law of "accepting" defendant's invitation. She was not a "guest" within the meaning of the term as used in the Indiana guest statute. In contrast with the facts of the case of Morgan v. Anderson, supra, the defendant in the Fuller case had been given instructions relating to plaintiff's care. She was to be put to bed. Defendant did not follow instructions, but started to take plaintiff in an automobile to a friend's home. The parents had not in effect "accepted" for plaintiff the invitation extended by defendant to plaintiff to ride in the automobile, and plaintiff was too young to accept.

In the instant case, on the authority of .Morgan v. Anderson, supra, it may be said defendant was transporting plaintiff by automobile in Kansas with the implied consent of plaintiff's parents, and by that token plaintiff, a child of tender years, had "accepted" the invitation for the transportation. But this, in itself, does not mean that, under the allegations of the petition in the instant case, plaintiff was being *gratuitously* transported by defendant in Kansas and [270] consequently a "guest" within the meaning of the term as used in the Kansas guest statute.

Perhaps it is impossible ,to frame an accurate definition of the term "guest." Its meaning must be worked out from the facts of cases as they arise. It seems clear that, where the driver receives compensation, the person transported is a passenger, not a guest. Elliott v. Behner, 146 Kan. 827, 73 P. 2d 1116. It has been written that, in common law acceptation, the word "guest" denotes one whom the owner or possessor of a motorcar or other vehicle invites or permits to ride with him as a gratuity, that is, without any financial return except such slight benefits as it is customary to extend as part of the ordinary courtesies of the road. Restatement, Torts, § 490; Annotation 10 A. L. R. 2d 1351, at page 1353; Elliott v. Behner, supra.

In the Elliott case the defendant driver, a member of a bridge crew employed by a county, drove the county's truck in transporting the county's employees to and from their work. Defendant received no extra pay for driving the truck, but, in driving the truck, he did secure his own transportation to and from his own home. This was material compensation to him. And the injured employee, plaintiff, riding· with defendant, was not a "guest" within the meaning of the term as used in the Kansas statute.

Of course, it is not necessary that payment or compensation pass from the rider to the driver. If the driver receives payment or a direct benefit from another, the transportation is not gratuitous and

there is no guest relationship. See cases Annotated 10 A. L. R. 2d 1351, at pages 1358-1359, including Elliott v. Behner, supra.

In the instant case, plaintiff alleged defendant undertook the temporary care and custody of plaintiff "for hire." Defendant had the care and custody of plaintiff for a "valuable consideration." In such respect our case differs from the case of Morgan v. Anderson, supra, wherein, we infer, the defendant and his sisters were gratuitously entertaining the infant plaintiff, a visitor in their home. When they started on their trip to South Dakota, they took their guest along. In our case, the transportation was not a gesture of hospitality—not a part of the courtesies of a host. The transportation was actuated or motivated by the existent contractual relationship by virtue of which a valuable consideration was to be paid to defendant. Defendant was *hired* to temporarily keep and care for plaintiff, and, while plaintiff was in defendant's custody and while he was caring for her for a valuable consideration, defendant put plaintiff into his automobile and took her to see the ponies. Can it be soundly said plaintiff was transported gratuitously? It seems to us that taking plaintiff by automobile to the pony ring was just something defendant decided to do in doing his job of taking care of the infant plaintiff. It was quite as if he had taken her by automobile to the nearest ice-cream parlor for an ice-cream cone, or had wheeled her around a block or so in her little red wagon, or had strolled with her for a brief visit at the neighbor's home down on the corner of the block, or had conducted her on a small journey through the garden.

It is true there was no allegation that defendant was to be paid specifically for transporting plaintiff, and it was alleged the transportation was without the consent or permission of plaintiff's parents. But was not the transportation inferentially part and parcel of the keeping and the care of plaintiff for which defendant had been hired? We think it was.

The judgment and order of dismissal should be reversed and the cause remanded.

It is so ordered. *Lozier* and *Aschemeyer, CC.,* concur.

PER CURIAM:—The foregoing opinion by VAN OSDOL, C., is adopted as the opinion of the court. All the judges concur.