PHYLLIS L. SUNDERMAN, APPELLANT, v. BEATRICE WARDLAW, APPELLEE.

101 N. W. 2d 848

Filed March 18, 1960.  No. 34684.

*John J. Wilson, Healey, Wilson & Barlow,* and *Patrick W. Healey,* for appellant.

*Fred Vette, Vasey & Rist,* and *Cline, Williams, Wright & Johnson,* for appellee.

Heard before CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

WENKE, J.

This is an appeal from the district court for Gage County. It involves an action by Phyllis L. Sunderman against Beatrice Wardlaw for the purpose of recovering compensation for damages which she claims she suffered by reason of injuries sustained in a car accident. Plaintiff alleges the accident which resulted in her injuries was caused by negligence of the defendant in operating her car while plaintiff was riding therein as a passenger. Trial was had to a jury and, at the conclusion of all the evidence, the trial judge found that plaintiff was not riding in defendant's car as a passenger but as a guest and submitted the case to the jury accordingly. See § 39-740, R. R. S. 1943. The jury returned a verdict for defendant. Plaintiff filed a motion for new trial and this appeal was taken from the overruling thereof.

Two questions are raised by the appeal. The first is, was the trial court in error by holding, as a matter of law, that the appellant was, under all the evidence adduced, a guest rather than a passenger while riding

in appellee's car? The second is, does the record present an issue of fact as to whether appellant was riding with appellee as a guest or as a passenger?

The accident in which appellant was injured happened about 6:45 a. m., on Thursday, October 25, 1956, at a point on U. S. Highway No. 30 about 15 miles west of Omaha, Nebraska, and just east of where One Hundred Eightieth Street crosses that highway on what we shall herein refer to as the Dodge Road. At the time of the accident appellee was driving her car, a 1954 Chevrolet sedan, east on Dodge Road, which is a four lane surfaced highway. Riding with her were appellant and four other ladies from Beatrice, Nebraska, all of whom were members of the Beatrice chapter of the Does. As appellee was driving east on Dodge Road she approached and passed a "jalopy" and then a truck, doing so by driving on the inner lane for eastbound traffic. Shortly after she had passed the truck appellee endeavored to return to the outer lane for eastbound traffic but as she was doing so the rear end of her car swerved or fishtailed, then spun completely around, and went over the shoulder to the right or south side of the highway, down a 25 to 50 foot embankment, and into a cornfield at the base thereof. As a result of the accident appellant was very seriously and permanently injured.

The Does, which is an auxiliary of the Elks, is a nonprofit fraternal organization which engages in secret ritualistic work. There is a local chapter of the Does in Beatrice, Nebraska, and, at the time, it had a drill team which participated in the secret ritualistic work of the lodge for which the members received no compensation. All six ladies riding in appellee's car at the time of the accident were members of this drill team, appellant being an "attendant" and appellee a "flag bearer." They were all going to Omaha for the sole purpose of attending the state meeting of the Does and to participate in secret ritualistic work as members of the Beatrice chapter's drill team.

State meetings of the Does are held periodically and some of the chapters are asked to exemplify some aspects of the secret ritualistic work of the order at these meetings in order to perfect it, that is, the work done is criticized and corrections suggested for the purpose of improving the work of the members of the drill teams participating, both individually and collectively. Such a meeting was called for October 25, 1956, to be held in Omaha, Nebraska, and the Beatrice chapter was advised it was to participate therein and exemplify some phase of the ritualistic work by demonstration or drill. It should be stated that the officers of the lodge and members of a drill team, when asked to participate in such work, are expected to go as part of their loyalty to the lodge but are not required to go if business or family obligations prevent them from doing so. If a member cannot go someone is substituted in her place.

When the local lodge was advised it was to participate in the work at the Omaha meeting the officers and drill team prepared to do so, having practice sessions for that purpose. However, no transportation was provided by the lodge for those who expected to attend nor were any arrangements made by the lodge for that purpose; that is, everyone was left to provide her own means of transportation for getting to the state meeting in Omaha. The lodge did, however, make arrangements to pay the registration fee of each one attending, which included a lunch and banquet dinner. Some of the officers and members of the drill team planned to go up to Omaha the night before the meeting but appellee planned to drive up early the morning of the day of the meeting and come back the same night after the banquet. Appellant learned of this fact and asked appellee if she could ride with her. Appellee told her she was welcome to go. No arrangements or suggestions of any kind were made that appellant was to pay for the ride. Appellee picked up the ladies riding in her car early on the morning of October 25, 1956, leaving Beatrice about

4:45 a. m., after doing so. The car proceeded on U. S. Highway No. 77 to Lincoln, then on U. S. Highway No. 6, until they reached and entered onto U. S. Highway No. 30, or the Dodge Road at a point about 1 mile west of where the accident occurred.

Section 39-740, R. R. S. 1943, insofar as herein material, provides: "The owner or operator of a motor vehicle shall not be liable for any damages to any passenger or person riding in such motor vehicle as a guest or by invitation and not for hire, unless such damage is caused by the driver of such motor vehicle * * * because of the gross negligence of the owner or operator in the operation of such motor vehicle. For the purpose of this section, the term guest is hereby defined as being a person who accepts a ride in any motor vehicle without giving compensation therefor, * * *."

It is necessary in this case, in order to arrive at a decision herein, to determine the status of appellant while she was riding in appellee's car, that is, was she a guest or a passenger? The burden of establishing her status as a passenger was on appellant. Lincoln v. Knudsen, 163 Neb. 390, 79 N. W. 2d 716.

In Born v. Estate of Matzner, 159 Neb. 169, 65 N. W. 2d 593, we said: "A guest by the terms of section 39-740, R. R. S. 1943, is a person who accepts a ride in a motor vehicle without compensation therefor." See, also, Eilts v. Bendt, 162 Neb. 538, 76 N. W. 2d 623.

Was there an issue of fact for the jury on this question? We said in Van Auker v. Steckley's Hybrid Seed Corn Co., 143 Neb. 24, 8 N. W. 2d 451, that: "If the evidence is undisputed, or such that minds of men could not reasonably arrive at any other conclusion, the question is one for decision by the court as a matter of law; otherwise, it is a question for the jury to decide as other issuable facts in the case." Here the evidence on this material issue is not in dispute and clearly presents an issue for decision by the court as a matter of law.

But appellant contends when, as here, the carriage

promotes the mutual interests of both the rider and the operator and the purpose of both in making the trip is identical then the court should hold the rider is a passenger and not a guest. We have heretofore set forth certain rules whereby the question of whether or not the rider has given compensation for the trip such as to make her a passenger instead of a guest can be determined.

"The question of whether a person riding in a motor vehicle is a guest, or engaged in a joint enterprise, or other relationship, is generally one for determination in the individual case. It must be ascertained from facts establishing the identity of the persons advantaged by the carriage, the relationship between the parties, and the purposes to which the transportation is incident." Van Auker v. Steckley's Hybrid Seed Corn Co., *supra.* See, also, Paxton v. Nichols, 157 Neb. 152, 59 N. W. 2d 184.

"The phrase 'without giving compensation therefor' (Comp. St. Supp. 1939, section 39-1129, now section 39-740, R. R. S. 1943) indicates an intention not to limit compensation to persons specifically paying for transportation in cash or equivalent, or to require that it pass exclusively from the passenger to the driver." Van Auker v. Steckley's Hybrid Seed Corn Co., *supra.* See, also, Born v. Estate of Matzner, *supra.*

"A person riding in a motor vehicle is a guest if his carriage confers only a benefit upon himself and no benefit upon the owner or operator except such as is incidental to hospitality, social relations, companionship, or the like, as a mere gratuity. However, if his carriage contributes such tangible and substantial benefits as to promote the mutual interests of both the passenger and the owner or operator, or is primarily for the attainment of some tangible and substantial objective or business purpose of the owner or operator, he is not a guest." Van Auker v. Steckley's Hybrid Seed Corn Co., *supra.* See, also, Gunn v. Coca-Cola Bottling Co., 154

Neb. 150, 47 N. W. 2d 397; Paxton v. Nichols, *supra;* Born v. Estate of Matzner, *supra.*

"A benefit to the owner or operator of a motor vehicle sufficient to remove an occupant riding in it from the provisions of the guest statute must be a tangible and substantial one and a motivating influence for his furnishing the transportation." Born v. Estate of Matzner, *supra.*

That the trip to Omaha was motivated solely by the fact that the appellee, as well as the other five ladies riding in her car, wished to go to Omaha to attend the state meeting of the Does and there take part in a demonstration of secret ritualistic work by the officers and drill team of the Beatrice chapter of Does and that certain benefits could flow to them individually or collectively therefrom, is established by the evidence but we do not think the benefits flowing therefrom, if any, are of such a tangible and substantial character as to remove appellant from the status of a guest to that of a passenger. Rather, we think, the benefits conferred, if any, are incidental to the social and fraternal interests and companionship of members of the chapter and not such as to provide compensation within the meaning of the statute so as to make appellant a passenger.

Both appellant and appellee have cited cases from other jurisdictions based on comparable or somewhat similar fact situations under comparable or similar statutes. Some of the cases cited would support the result herein reached while others would not. However, we see no useful purpose in citing and discussing these cases because, as we have already stated, each case must stand on its own facts and those facts must be gauged by the standards which we have heretofore determined should be applied thereto. That different courts apply different standards to similar or comparable statutes and thus reach different results under similar or comparable fact situations is fully evidenced by the text of 4 Blashfield, Cyclopedia of Automobile Law and Prac-

tice (Perm. ed.), § 2292, p. 305, on the subject of "Who are Guests within Operation of Guest Statutes" and the cases cited thereunder, as well as the cases cited by the parties in their briefs. Under the standards we have set forth as herein controlling, we think the evidence establishes, as a matter of law, that appellant was riding in appellee's car as a guest.

The case was submitted to the jury on that basis and a verdict was rendered for appellee. In view thereof, we do not find it necessary to determine the question of whether or not the evidence as to appellee's negligence, if any, was sufficient on which to base a finding of gross negligence. We do not pass on that question and consequently do not set out the facts relating thereto.

AFFIRMED.