GEORGE SNELLING, JR., BY AND THROUGH HIS FATHER AND NEXT FRIEND, GEORGE SNELLING, SR., APPELLANT, V. LEO PIEPER ET AL., APPELLEES.

135 N. W. 2d 707

Filed June 11, 1965. No. 35927.

Schrempp, Lathrop, Rosenthal, Albracht & Bruckner, for appellant.

Boland, Mullin, Walsh & Cooney, for appellees.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ.

WHITE, C. J.

Plaintiff, a 12-year-old boy, suffered a broken leg and injuries resulting from a one-car accident occurring on July 27, 1962, when defendant Pieper's station wagon went out of control, overturned, and crashed while going around a sharp curve. The trial court found, as a matter of law, that plaintiff was a guest under section 39-740, R. R. S. 1943, and by appropriate instruction required the plaintiff to prove gross negligence. The verdict of the jury was for the defendants. Defendant Pieper had permitted the 15-year-old, unlicensed defendant Alfrey to drive his station wagon. Pieper was sitting in the front seat watching and directing the driving. As the station wagon approached the curve, it went into a skid and Pieper grabbed the steering wheel and attempted to make the turn himself. The station wagon went out of control and overturned. The assignments of error present no question concerning this phase of the case. The sole question presented in this appeal is

whether or not the plaintiff was a guest.

At the time of the accident, defendant Pieper was returning to his home in Omaha from a 3-week vacation and camping trip on the Fremont Lakes. He had tents, a boat, and other equipment on the lakes and had taken his own children and the plaintiff there during this period. Plaintiff's father had been divorced and in March 1962 hired the defendant Pieper to take care of the plaintiff for $15 per week. The evidence is undisputed. Pieper was to have the custody of plaintiff in his home in Omaha and generally care for him. The father of the plaintiff was to furnish him clothing and an allowance. The father's undisputed testimony is as follows: "Q. What in return did Mr. Pieper agree to do for that $15? A. See that the boy went to school properly, got home at the right time in the evening, see that he had recreation, correct recreation, completely guide him and everything, punish him if he needed it, take complete care of him."

Pieper called plaintiff's father and received his consent to take the plaintiff from Pieper's home to the vacation spot on the lakes. It appears that the plaintiff was kept there under the control and direction of defendant Pieper during the entire period of 3 weeks. Pieper was paid $15 per week for this period in accordance with the terms of the agreement.

Under the guest statute, section 39-740, R. R. S. 1943, the applicable test is stated in Van Auker v. Steckley's Hybrid Seed Corn Co., 143 Neb. 24, 8 N. W. 2d 451, as follows: "A person riding in a motor vehicle is a guest if his carriage confers only a benefit upon himself and no benefit upon the owner or operator except such as is incidental to hospitality, social relations, companionship, or the like, as a mere gratuity. However, if his carriage contributes such tangible and substantial benefits as to promote the mutual interests of both the passenger and the owner or operator, or is primarily for the attainment of some tangible and substantial objective or busi-

ness purpose of the owner or operator, he is not a guest."

Each individual case must be determined separately and the answer ascertained from the relationship between the parties and *the purposes to which the transportation is incident.* Van Auker v. Steckley's Hybrid Seed Corn Co., *supra.*

The benefit or "compensation" accruing to the owner or operator need not be in cash or its equivalent and the benefit or compensation to the owner or operator need not pass from the passenger to the driver. Sunderman v. Wardlaw, 170 Neb. 70, 101 N. W. 2d 848; Van Auker v. Steckley's Hybrid Seed Corn Co., *supra;* Born v. Estate of Matzner, 159 Neb. 169, 65 N. W. 2d 593.

In Born v. Estate of Matzner, *supra,* we said: "A benefit to the owner or operator of a motor vehicle sufficient to remove an occupant riding in it from the provisions of the guest statute must be a tangible and substantial one and a motivating influence for his furnishing the transportation."

Applying the above principles we examine the relationship between the parties to determine what the motivating influence was for furnishing the transportation and the stay at the lakes to the plaintiff, and determine if there was a benefit to defendant Pieper beyond that incidental to hospitality, social relations, companionship, or the like. It is true defendant Pieper incidentally benefited from plaintiff's presence as to companionship and social relations as he did from the companionship of his own five children. They were kept together at the lakes the same as they were at home. There was a special motivating purpose and reason for taking the plaintiff on the trip. Pieper wanted to take his 3-week vacation with his family and at the same time perform his contract of caring for the plaintiff. At home the plaintiff was cared for and controlled along with the children of the defendant Pieper, and the contract, both directly and impliedly, required him to furnish recreation in the normal and usual manner, the same as he did for

his own children. The transportation of the plaintiff on the trip was a necessary part of this purpose and plan. He had a joint purpose in the stay at the lakes. It was the performance of his contract, care of the plaintiff, care of his own children, and the enjoyment of his vacation. It is argued that he could have left the plaintiff at home. Perhaps he was not obligated to take the plaintiff on this particular trip. But, he had been caring for and controlling the plaintiff as one of the family along with his own children. He construed the contract as requiring this. He merely changed the place of performance. In any event, the fact is that he elected to perform his contract of care and to furnish this recreation to the plaintiff at the place he did. The defendant Pieper was seeking a method by which he could perform his contract and at the same time enjoy his vacation. He received the consent of the plaintiff's father. The father's uncontradicted testimony is: "He asked me if the boy could accompany him, and I told him that he had *complete charge of the boy, and that if he went to the lakes the boy would have to go with him because I was working out of town.*" (Emphasis supplied.) The contract in no way was altered. Pieper merely received consent to perform it and furnish the recreation incidental to it while keeping the plaintiff at the lakes. We therefore come to the conclusion that the defendant Pieper received a substantial and tangible benefit over and beyond the companionship of the plaintiff and the social relation normally incident to the family relationship. In essence, we see no difference between this trip and one at home in which he would be returning the plaintiff from a visit to the movie, the zoo, or the circus with other members of the family. Again, we point out that he received $45 for the 3 weeks he had the plaintiff at the lakes. This payment and the conduct of defendant Pieper in performing his contract are repugnant to the defendants' contention that the stay at the lakes was a mere gesture of hospitality and not connected with

or a part of the contract for the care of the plaintiff. We further point out that the plaintiff himself had no choice but to go on the trip or no power to control movements of the automobile. He was merely following the orders of the defendant Pieper.

Although there is a diversity of opinion, the weight of authority seems to be that a minor who, with the consent of the parents, is transported gratuitously is a guest within the meaning of comparable guest statutes. See, cases in Annotation, 16 A. L. R. 2d 1304; cases in Annotation, 2 A. L. R. 2d, Later Case Service, pp. 945, 946; Horst v. Holtzen, 249 Iowa 958, 90 N. W. 2d 41; Buckner v. Vetterick, 124 Cal. App. 2d 417, 269 P. 2d 67; Chancey v. Cobb, 102 Ga. App. 636, 117 S. E. 2d 189; Lynott v. Sells, 52 Del. 385, 158 A. 2d 583. None of the above cases pass upon the question involved here where the child is being cared for under a contract for hire. The only case cited by counsel which appears to be in point is Wendel v. Shaw, 361 Mo. 416, 235 S. W. 2d 266. In that case the defendants were keeping a child in their Missouri home under a custodial contract for hire. An accident occurred while they were taking a trip into Kansas to take the child to a pony ride. The court held that the child was a passenger and not a guest. We feel that the reasoning in this case is sound and directly applicable to the circumstances and facts of the present case. In the above case, it was held: "In our case, the transportation was not a gesture of hospitality—not a part of the courtesies of a host. The transportation was actuated or motivated by the existent contractual relationship by virtue of which a valuable consideration was to be paid to defendant. Defendant was *hired* to temporarily keep and care for plaintiff, and, while plaintiff was in defendant's custody and while he was caring for her for a valuable consideration, defendant put plaintiff into his automobile and took her to see the ponies. Can it be soundly said plaintiff was transported gratuitously?"

We come to the conclusion that, as a matter of law, plaintiff occupied the status of passenger in the automobile of the defendant Pieper and could recover on proof of ordinary negligence. The trial court instructed otherwise and this was error. The evidence was ample to sustain a finding of ordinary negligence as to the defendants. The judgment is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.

CARTER, J., dissenting.

The evidence shows that defendant Pieper took his children and the 12-year-old plaintiff on a 3-week vacation and camping trip to the Fremont Lakes. The accident which caused injury to the plaintiff occurred during the return trip. The sole issue is whether or not plaintiff was a guest or a passenger for hire.

Pieper was caring for the plaintiff, as shown by the majority opinion, for an agreed compensation of $15 per week in accordance with an understanding with the boy's father. It is my contention that the vacation and camping trip was a gratuitous gesture on the part of Pieper, completely outside of the scope of his agreement to care for the boy. Pieper was to receive his $15 per week whether he took the boy on the outing or left him at home with his wife. The fact that Pieper called plaintiff's father for permission to take the boy on the outing is indicative that the trip was gratuitous and not a contractual obligation. He was a guest on the trip the same as Pieper's own children. The holding of the majority that the agreement to pay Pieper $15 per week for the care of the boy was a payment for transportation on this unusual vacation trip is contrary to a long line of holdings of this court. The rule in this state is: "A benefit to the owner or operator of a motor vehicle sufficient to remove an occupant riding in it from the provisions of the guest statute must be a tangible and substantial one and a motivating influence for his furnishing the transportation." Born v. Estate of Matzner, 159 Neb. 169, 65 N. W.

2d 593. See, also, Carter v. Chicago, B. & Q. R.R. Co., 170 Neb. 438, 103 N. W. 2d 152.

I submit that the vacation trip was not pursuant to any contractual obligation, and that the payment of $15 per week was not, nor intended to be, compensation for transportation on this vacation trip. The benefit to Pieper was not a tangible nor substantial one, nor was it a motivating factor in making the trip. The majority holding that the cost of transportation of this 12-year-old plaintiff was a motivating factor in making the trip is not sustained by evidence or inference. Such finding is based on a strained consideration of the facts and an impracticable refinement of the definition of a passenger for hire that leads to an unjustified conclusion. The majority opinion is inconsistent with the previous holdings of this court and amounts to an unwarranted extension of the definition of a passenger for hire.

The trial court correctly determined that plaintiff was a guest in the automobile of Pieper at the time of the accident, and I would affirm the judgment based on such determination.

BROWER, J., concurs in this dissent.