JEAN JOHNSON, BY HER NEXT FRIEND AND FATHER, WILLIAM JOHNSON, APPELLANT, v. BERNARD J. RIECKEN, ADMINISTRATOR OF THE ESTATE OF HAROLD A. RIECKEN, DECEASED, APPELLEE.

173 N. W. 2d 511

Filed January 16, 1970. No. 37274.

Sidner, Svoboda & Schilke, for appellant.

Ray C. Simmons, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

NEWTON, J.

Plaintiff seeks to recover for personal injuries sustained in an automobile accident. The accident occurred on paved U. S. Highway No. 275, between Beemer and West Point, Nebraska, at about 8:30 a.m. on July 18, 1967. It was a clear morning, with good visibility. Plaintiff was an occupant of an automobile operated in a westerly direction by defendant's decedent, Harold Riecken. They intended to attend a horse show at Beemer, Nebraska, and were pulling a trailer containing two horses. It was preceded by two vehicles also going west. Defendant's decedent attempted to pass

the nearer vehicle and collided head-on with an automobile operated in an easterly direction by Duane R. Beckman. At the time Harold Riecken pulled into the south lane to pass, the Beckman automobile was visible approximately ½ to ¾ mile to the west. The collision occurred on the south edge of the paving. Duane R. Beckman, Harold Riecken, and one other were killed and plaintiff was very seriously injured. On trial to a jury, verdict and judgment were rendered for defendant. We affirm the judgment of the district court.

The case was submitted on the theory that plaintiff was a guest in the Wiechman automobile. The jury was charged that it must find Harold Riecken guilty of gross negligence before it could return a verdict for plaintiff. In her petition, plaintiff alleged that: "Jean Johnson paid for the transportation of her horse and herself." The court determined that the evidence on this point was insufficient to justify its submission to the jury. This action of the court is assigned as error.

The primary evidence bearing upon this point is undisputed. Harold Riecken, 18 years of age, was a younger brother of Herb Riecken who operated a horse stable and made a business of caring for horses owned by other people. The Wiechmans were customers of his and he kept and cared for the horses of Debra Wiechman. Debra's parents usually provided transportation for Debra when attending horse shows. On the occasion of the Beemer show, Debra's father could not attend. Her mother agreed to take Debra to the show and pull a trailer belonging to Herb Riecken as a means of transporting Debra's horse. Mrs. Wiechman had never driven with a trailer and was reluctant to do so. As a result, Debra prevailed upon Harold Riecken to drive the Wiechman car with the trailer. Herb Riecken had nothing to do with this arrangement, it being a voluntary decision on the part of Harold Riecken who had intended to attend the Beemer show in any event.

Plaintiff and her parents were not patrons of the Rieck-

en stable. Jean Johnson's horse was kept on the Johnson farm and her parents habitually transported both Jean and her horse to horse shows in the Johnson truck. On this occasion, the Johnsons were not sure that they could follow this custom. Mr. Johnson asked Herb Riecken "* * * if he knew somebody else was going that would have an empty stall in their trailer * * *" and was told that Debra Wiechman was going and would probably have room for another horse in the trailer. The evening before the show, Jean made arrangements with Debra for transportation. In this regard Mr. Johnson stated: "Well, I think that she visited with Debbie about both she and the horse probably the night before or morning of the show. The night before, probably." There is no evidence of either Harold or Herb Riecken participating in this arrangement. Plaintiff made a direct approach to Debra Wiechman to secure transportation for herself and her horse.

Debra Wiechman testified that the evening before the show, she prevailed upon Harold Riecken to drive. She stated: "Well, it was kind of late, because my mom couldn't take us so he gave in and said he would take us." She did not talk to Herb Riecken about it and there was no understanding that Harold Riecken was to be paid. She never had paid for transportation except sometimes paying for gasoline and, in this instance, her parents were providing the automobile.

It is intimated that Harold Riecken was an employee of his brother Herb. This is not supported by the evidence. The undisputed evidence indicates that Harold liked to work with horses and when not otherwise occupied often helped out around the Riecken stable. There was no understanding that he was to be paid for such services, but when he needed money, his brother Herb occasionally gave him some. Assuming that Harold did get paid for such services, the most that can be said is that he was a part-time employee. On this occasion,

as pointed out above, he was acting on his own account and clearly not as an employee.

Jean Johnson's father, after the departure of the Wiechman automobile, asked Herb Riecken what he owed and paid Herb $4. The evidence on this is conflicting. Herb Riecken maintains the payment was for the use of the trailer and said he had told the girls there would be a charge for its use. Mr. Johnson understood that the payment was for the use of the trailer, the Wiechman automobile, and the services of the driver. Since the automobile did not belong to Herb Riecken, but was provided by Debra Wiechman's parents, a fact known to Mr. Johnson, it would appear that his conclusion was unfounded. In any event, assuming that Herb Riecken did accept pay for Harold Riecken's services as a driver, he could not bind Harold by such action. As heretofore pointed out, Harold was a free agent in this transaction, not an employee, but a volunteer and gratuitous operator of the Wiechman vehicle. Any action of Herb Riecken would be ineffective to change the established relationship existing between his brother and the occupants of the Wiechman automobile.

It is not contended that any agreement between the Johnsons and Harold Riecken was ever arrived at directly. The existing relationship is dependent entirely on the understanding arrived at between Harold Riecken and the Wiechmans.

The rules governing a situation of this kind arising under the motor vehicle guest statute, section 39-740, R. R. S. 1943, are found in Van Auker v. Steckley's Hybrid Seed Corn Co., 143 Neb. 24, 8 N. W. 2d 451. "The phrase 'without giving compensation therefor' indicates an intention not to limit compensation to persons specifically paying for transportation in cash or equivalent, or to require that it pass exclusively from the passenger to the driver.

"A person riding in a motor vehicle is a guest if his

carriage confers only a benefit upon himself and no benefit upon the owner or operator except such as is incidental to hospitality, social relations, companionship, or the like, as a mere gratuity. However, if his carriage contributes such tangible and substantial benefits as to promote the mutual interests of both the passenger and the owner or operator, or is primarily for the attainment of some tangible and substantial objective or business purpose of the owner or operator, he is not a guest." See, also, Hansen v. Lawrence, 149 Neb. 26, 30 N. W. 2d 63; Snelling v. Pieper, 178 Neb. 818, 135 N. W. 2d 707. In what manner can it be inferred that the presence of Jean Johnson in the Wiechman automobile conferred any benefit upon Harold Riecken? His position would have been unchanged had she elected not to ride along. If the evidence is undisputed, or such that minds of men could not reasonably arrive at any other conclusion, the question of whether or not a person riding in a motor vehicle is a guest is one for decision by the court as a matter of law. See Paxton v. Nichols, 157 Neb. 152, 59 N. W. 2d 184.

In his answer, defendant alleged that the sole proximate cause of the accident was the negligence of Duane R. Beckman in driving at an excessive rate of speed; failing to keep a proper lookout; failing to keep proper control of his automobile; and failing to stop, slow down, or turn onto the shoulder of the highway in time to avoid the collision. In view of this contention, the court charged that plaintiff must prove not only that Harold Riecken's gross negligence was a proximate cause of the accident and that if it found that the proximate cause of the accident was the concurrent negligence of defendant's decedent and Beckman, the verdict should be for plaintiff, but also that if it was found that the sole proximate cause was the negligence of Beckman, plaintiff could not recover. Plaintiff takes exception to the latter instruction. The instructions mentioned are standard instructions set forth in Nebraska Jury Instruc-

tions. It is plaintiff's contention that under the evidence in this case, the negligence, if any, of Beckman could not have been the sole proximate cause and was prejudicial. Without recapitulating the evidence, suffice it to say it is clear that the situation warranted a submission to the jury of the question of negligence on the part of both Beckman and defendant's decedent.

We have consistently held that: "When evidence with relation to negligence is * * * such that minds may reasonably reach different conclusions therefrom with regard to its existence, the issue should be submitted to the jury for its determination." Welstead v. Ryan Construction Co., 160 Neb. 87, 69 N. W. 2d 308. "When the evidence is in conflict as to what negligence, if any, constituted the proximate cause of the injury, the determination of the proximate cause is for the jury." Warren v. Bostock, 170 Neb. 203, 102 N. W. 2d 55. In any event, the plaintiff necessarily had the burden of proving that a proximate cause of the accident was the gross negligence of defendant's decedent. Such an instruction was required and properly negates a finding that the sole cause of the accident was the negligence of the third party. The instruction complained of did not increase plaintiff's burden of proof and it is difficult to ascertain how it could have prejudiced plaintiff. We find no error in the submission of this instruction.

Defendant offered in evidence excerpts from the original claim executed and filed by William Johnson as next friend of Jean Johnson against the estate of Duane R. Beckman, deceased. The portions offered contained charges of negligence against Beckman, allegations of fact pertaining to circumstances attendant upon the accident, and an allegation that Beckman's negligence was the sole proximate cause of the accident. They were admitted over objection. Plaintiff maintains this was prejudicial error. As a general rule, pleadings containing an admission are admissible against the pleader in another action on behalf of a stranger to the former ac-

tion. See, Zimmerman v. Lindblad, 154 Neb. 453, 48 N. W. 2d 415; Annotation, 63 A. L. R. 2d 417. An exception to the rule is made in the case of infants. Admissions made by a next friend or guardian ad litem in pleadings filed for an infant are not ordinarily admissible. See, Annotation, 14 A. L. R. 87; 42 Am. Jur. 2d, Infants, § 184, p. 169, § 210, p. 187. It is therefore clear that admissions contained in pleadings filed in the Beckman case should not ordinarily have been admitted.

In the present case, the father and next friend of Jean Johnson assigned to her his claim against defendant for medical and other expenses incurred in her behalf. This constituted the second cause of action in plaintiff's petition. The assignee of such a claim stands in the shoes of the assignor and accepts it subject to all available defenses. See Hansen v. E. L. Bruce Co., 162 Neb. 759, 77 N. W. 2d 458. The pleading would have been admissible as against the father had he brought action on his claim. It can be no less admissible for this purpose when he assigns his claim to his minor daughter and she seeks to collect on it. Plaintiff would have been entitled to an instruction limiting the consideration of such evidence to the assigned claim, but no such instruction was requested. If a party desires to limit the purpose and application of evidence properly admitted, he must request such specific instruction. See, Berggren v. Hannan, O'Dell & Van Brunt, 116 Neb. 18, 215 N. W. 556; Gable v. State, 176 Neb. 789, 127 N. W. 2d 475.

No error appearing, the judgment of the district court is affirmed.

AFFIRMED.

McCown and SPENCER, JJ., dissenting.