NOT DESIGNATED FOR PUBLICATION

No. 118,972

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

FEDERAL NATIONAL MORTGAGE ASSOCIATION (FANNIE MAE),
*Appellant*,

v.

CAROL SHARP,
*Appellee*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; WILLIAM P. MAHONEY, judge. Opinion filed November 9, 2018. Reversed and remanded.

*Tammee McVey*, of SouthLaw P.C., of Overland Park, for appellant.

*Carol A. Sharp*, appellee pro se.

Before HILL, P.J., PIERRON and POWELL, JJ.

PER CURIAM: Federal National Mortgage Association (Fannie Mae) appeals the district court's dismissal of its foreclosure action against Carol A. Sharp. After Fannie Mae assigned the mortgage to Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as Trustee for Carlsbad Funding Mortgage Trust (Wilmington), it moved to substitute Wilmington as a party. At about the same time, Sharp moved to dismiss. The district court dismissed the foreclosure action, finding Sharp would be prejudiced if it substituted Wilmington as a party and Fannie Mae no longer had an interest in the litigation. We reverse and remand.

1

In 2007, Sharp made and delivered a promissory note to Countrywide Bank, FSB and made and delivered a mortgage securing the note. The mortgage was later assigned to Bank of America, N.A. (BOA). In September 2012, BOA petitioned to foreclose on the mortgage.

One month later, BOA assigned the mortgage to Fannie Mae. In March 2013, BOA moved to substitute Fannie Mae as the plaintiff in the foreclosure action.

In August 2013, Fannie Mae moved for summary judgment. After some additional discovery, Sharp responded to the motion in April 2014.

More than two years later, on June 22, 2016—without a ruling on the motion for summary judgment—Fannie Mae moved for an order substituting Wilmington as the party plaintiff because it had assigned the mortgage to Wilmington. The assignment of the mortgage shows Fannie Mae assigned the mortgage on June 2, 2016, and the assignment was recorded on June 15, 2016.

Eleven minutes after Fannie Mae filed the motion to substitute, Sharp filed a motion to dismiss. She alleged Fannie Mae assigned the mortgage to Wilmington more than two months prior but had not moved to substitute Wilmington as a party. She alleged Fannie Mae failed to move to substitute within a reasonable time. Sharp also alleged the extensive discovery would "amount to nothing" if Wilmington was substituted as a party. She argued she would be prejudiced if the case was not dismissed.

The district court heard arguments on Sharp's motion to dismiss and Fannie Mae's motion to substitute Wilmington as party plaintiff, took the matter under advisement, and subsequently issued a written opinion. It granted the motion to dismiss and denied Fannie Mae's motion for summary judgment.

Fannie Mae moved to alter or amend the judgment. The district court denied the motion. Fannie Mae appealed.

Fannie Mae challenges the district court's dismissal with prejudice. It argues the court erred by dismissing the foreclosure action with prejudice for lack of standing, but the court did not mention standing in its order of dismissal. Instead, the court dismissed Fannie Mae's foreclosure action for four reasons:

"1. No motion was filed to substitute for nearly two months after an assignment was made. Nothing was done and more than a reasonable amount of time has elapsed since the assignment occurred.
"2. The Defendant has engaged in extensive discovery and will be prejudiced if forced to proceed against a new Plaintiff.
"3. The discovery originally sought from Fannie Mae will not apply to Wilmington, which will result in further delays and expense in litigation.
"4. The Response to the Motion for Summary Judgment will have to be modified and rewritten, causing more delay and expense for Defendant."

"'The important distinction between the handling of a motion to dismiss on the one hand and a motion for summary judgment on the other is that in the former the trial court is limited to a review of the pleadings, while in the latter, *the trial court takes into consideration all of the facts disclosed during the discovery process*—affidavits, depositions, admissions, and answers to interrogatories. Thus, a party opposing a motion for summary judgment may point to or provide depositions, affidavits, or other documents to demonstrate that there are genuine issues of material fact, necessitating a trial.'" *Keiswetter v. State*, 304 Kan. 362, 367-68, 373 P.3d 803 (2016) (quoting *Beck v. Kansas Adult Authority*, 241 Kan. 13, 26, 735 P.2d 222 [1987]).

When a district court considers matters outside the pleadings, appellate courts treat the district court's decision as one granting summary judgment instead of a motion to dismiss. *HM of Topeka v. Indian Country Mini Mart*, 44 Kan. App. 2d 297, 300, 236 P.3d 535 (2010).

Here, the district court considered matters outside the pleadings. It considered Sharp's response to the motion for summary judgment. As a result, the summary judgment standard applies.

> "'Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The trial court is required to resolve all facts and inferences which may reasonably be drawn from the evidence in favor of the party against whom the ruling is sought. When opposing a motion for summary judgment, an adverse party must come forward with evidence to establish a dispute as to a material fact. In order to preclude summary judgment, the facts subject to the dispute must be material to the conclusive issues in the case. On appeal, we apply the same rules and when we find reasonable minds could differ as to the conclusions drawn from the evidence, summary judgment must be denied.' [Citations omitted.]" *Armstrong v. Bromley Quarry & Asphalt, Inc.*, 305 Kan. 16, 24, 378 P.3d 1090 (2016) (quoting *Thoroughbred Assocs. v. Kansas City Royalty Co.* 297 Kan. 1193, 1204, 308 P.3d 1238 [2013]).

Furthermore, to the extent resolution of these issues requires statutory interpretation, our review is unlimited. *Neighbor v. Westar Energy, Inc.,* 301 Kan. 916, 918, 349 P.3d 469 (2015).

The district court granted Sharp's motion to dismiss in part because "[n]o motion was filed to substitute for nearly two months after an assignment was made. Nothing was done and more than a reasonable amount of time has elapsed since the assignment occurred." Fannie Mae argues the court erred by finding it had to move to substitute within a reasonable time. It also argues the court erroneously found it had waited more than two months after assigning its interest to Wilmington before seeking to substitute Wilmington. Finally, Fannie Mae argues the court's dismissal with prejudice served only

to punish it and Wilmington for transferring the mortgage while the foreclosure action was still pending. Fannie Mae's first argument is persuasive.

The district court erred when it dismissed Fannie Mae's foreclosure action because Fannie Mae had not moved to substitute Wilmington as a party within "a reasonable amount of time." K.S.A. 2017 Supp. 60-225(c) governs the substitution of parties after an interest is transferred. It states, in relevant part: "If an interest is transferred, *the action may be continued by or against the original party* unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." (Emphasis added.)

The most fundamental rule of statutory construction is that the intent of the Legislature governs if that intent can be ascertained. *State ex rel. Schmidt v. City of Wichita*, 303 Kan. 650, 659, 367 P.3d 282 (2016). When a statute is plain and unambiguous, an appellate court should not speculate about the legislative intent behind that clear language, and it should refrain from reading something into the statute that is not readily found in its words. *Ullery v. Othick*, 304 Kan. 405, 409, 372 P.3d 1135 (2016).

Under K.S.A. 2017 Supp. 60-225(c)'s plain language, substitution is unnecessary. The original party may continue to prosecute the action. Similarly, the statute does not require a motion for substitution be filed within a "reasonable time" after the assignment occurred in order for the assignee to continue the action. Further, K.S.A. 2017 Supp. 60-225(a) states that, after a party dies, a motion for substitution of parties must be made "within a reasonable time after service of a statement noting death" or the action must be dismissed. If the Legislature had intended to require a motion for substitution within a reasonable time after an assignment is made, the Legislature clearly knew how to require it—the necessary language appears in K.S.A. 2017 Supp. 60-225(a). The plain language of K.S.A. 2017 Supp. 60-225(c) does not require a motion for substitution of parties and

makes no reference to any timing requirements for a motion for substitution after a transfer of interest. Clearly, the Kansas Legislature did not intend to require a motion for substitution within a reasonable time when a party transfers its interest in a case. The district court erred when it dismissed Fannie Mae's foreclosure action for failing to move to substitute Wilmington as a party within a reasonable time.

Even if K.S.A. 2017 Supp. 60-225(c) did require a motion for substitution within a reasonable time of the assignment of a mortgage, the district court erred when it found more than a reasonable amount of time had elapsed between Fannie Mae's assignment and the motion to substitute. The letter attached to the motion to dismiss as Defendant's Exhibit A shows the right to service Sharp's mortgage was assigned, sold, or transferred effective May 2, 2016. The documents also appear to show Wilmington purchased the loan effective March 30, 2016. However, the assignment of mortgage attached to the motion for substitution shows an assignment date of June 2, 2016. It also shows the assignment was recorded on June 15, 2016. Fannie Mae moved to substitute on June 22, 2016.

Fannie Mae moved to substitute Wilmington as a party within 7 days of the recordation of the assignment and 20 days after it assigned the mortgage. While Fannie Mae waited 84 days after selling Sharp's mortgage before moving to substitute Wilmington as a party, it filed the motion within 20 days of assigning the mortgage and 7 days of recording the motion.

K.S.A. 2017 Supp. 60-225(c) does not require a motion to substitute parties when a party transfers its interest during litigation. The statute certainly does not require a motion to substitute be filed within a "reasonable time." Even if the statute did impose a reasonable time requirement, Fannie Mae's motion to substitute—filed 20 days after assignment of the mortgage and 7 days after the assignment was recorded—was filed within a reasonable time of the transfer of interest. The district court erred when it

granted Sharp's motion to dismiss because Fannie Mae did not move to substitute Wilmington within a reasonable amount of time.

We note that Sharp would not have been prejudiced if forced to proceed against Wilmington because Fannie Mae's discovery responses were admissible against Wilmington.

The district court granted Sharp's motion to dismiss because Sharp had engaged in extensive discovery and would be prejudiced if forced to proceed against a new plaintiff. Similarly, it found the discovery sought from Fannie Mae would not apply to Wilmington, which would result in further delays and expense in litigation. On appeal, Fannie Mae argues the district court erred when it concluded Fannie Mae's discovery responses would not apply to Wilmington.

A time-honored rule of law is that the assignee "'stands in the shoes of the assignor.'" *OXY USA, Inc. v. Colorado Interstate Gas Co.*, 20 Kan. App. 2d 69, 79, 883 P.2d 1216 (1994). As a result, "the obligations, defenses, etc., which burden the assignor will equally burden the assignee." 20 Kan. App. 2d at 79-80. As assignee, Wilmington stood in the shoes of Fannie Mae and was bound by the admissions and interrogatories Fannie Mae had provided. Indeed, other courts have held an assignor's preassignment declarations and admissions are admissible against the assignee. See *Household Finance Corp. v Mowdy*, 13 Ill. App. 3d 822, 828, 300 N.E.2d 863 (1973); *McMullin v. Borger*, 806 S.W.2d 724, 731-32 (Mo. App. 1991); *Johnson v. Riecken*, 185 Neb. 78, 85, 173 N.W.2d 511 (1970). The discovery Sharp had obtained from Fannie Mae was admissible against Wilmington. As a result, Sharp would not be prejudiced if she were forced to proceed against Wilmington. The district court erred when it dismissed the foreclosure action with prejudice because it incorrectly found the discovery sought from Fannie Mae would not apply to Wilmington and Sharp would be prejudiced if forced to proceed against Wilmington.

7

Further, Sharp's response to Fannie Mae's motion for summary judgment would not need to be rewritten because the district court had denied the motion.

The district court found Fannie Mae's arguments against dismissal lacked merit because Sharp's response to Fannie Mae's motion for summary judgment would have to be modified and rewritten, causing more delay and expense for Sharp. However, the district court also denied Fannie Mae's motion for summary judgment. As a result, Sharp would not need to modify and rewrite her response to Fannie Mae's motion for summary judgment. There is no need to respond to a denied motion. This rationale does not support a dismissal with prejudice. The district court erred when it granted Sharp's motion to dismiss.

Reversed and remanded.